### CITY OF WACO v. WATKINS et al.
### (No. 482.)

(Court of Civil Appeals of Texas.   Waco.
March 3, 1927.)

1. **Municipal corporations** ⟐741(1)—**Presentation of claim to city for personal injury held condition precedent to accrual of liability, and affirmative allegation thereof is necessary (Waco City Charter, art. 3, § 111).**

Under Waco City Charter, art. 3, § 111, presentation of claim to city for personal injuries within 30 days is condition precedent to accrual of any liability against it, and plaintiff must affirmatively allege due presentation thereof to state cause of action.

2. **Municipal corporations** ⟐741(2)—**Filing of suit against city for personal injuries held not presentation of claim (Waco City Charter, art. 3, § 111).**

Filing of suit against city for personal injuries is not a compliance with requirement of Waco City Charter, art. 3, § 111, that all such claims be presented to city within 30 days.

3. **Municipal corporations** ⟐821(21) — **Contributory negligence of child stepping on loose covering of city water meter held for jury.**

In action against city for injuries to child stepping on loose covering of water meter, evidence *held* sufficient to take to jury question of contributory negligence.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Action by O. G. Watkins, for himself and the use and benefit of his minor daughter, Leland Watkins, against the City of Waco. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

John McGlasson and W. L. McConnell, both of Waco, for appellant.

Tom M. Hamilton and J. A. Kibler, both of Waco, for appellees.

STANFORD, J. Suit by appellee, O. G. Watkins, for himself and for the use and benefit of his minor daughter, Leland Watkins, against appellant, the city of Waco, to recover for personal injuries alleged to have been sustained by the minor daughter by reason of the alleged negligence of appellant in permitting the covering on a water meter on or near a sidewalk to be loose or insecure, permitting said covering when stepped upon by said minor to tilt or fly up, causing her to fall, etc. The case was submitted to a jury, on special issues, in response to which they found on the question of liability as follows:

"(1) The defendant did negligently permit the top on the water meter in question to become misplaced, or loose, or out of its natural place, in such manner as to render the same unsafe and dangerous for pedestrians in walking and passing over the same.

"(2) Such act on the part of the defendant was negligence, as that term is above defined.

"(3) Such negligence was the proximate cause of the injury to plaintiff, as the term 'proximate cause' has been defined."

On said findings the court entered judgment for appellees.

[1] Under its third assignment, appellant contends, in effect, that, where the charter of a city requires that claims against it for personal injuries be presented in 30 days, and in case not so presented said city will not be liable, a petition which fails to allege such claim was presented as required by such charter fails to state a cause of action, and is subject to general demurrer. Article 3, § 111, of the charter of the city, provides:

"The city of Waco shall not be held responsible on account of any claim for damages to any person or property unless the person making such complaint or claiming such damages shall, within thirty days after the time at which it is claimed such damages were inflicted upon such person or property, file with the city secretary a true statement under oath as to the nature and character of such damages or injuries, the extent of the same, and place where same happened, the circumstances under which same happened, the conditions causing same, with a detailed statement of each item of damages and the amount thereof, and if it be for personal injuries, giving a list of the witnesses, if known to affiant, who witnessed such accident, and unless further, that suit be filed thereon within six months from the date such injuries were received."

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Article 6 provides:

"This charter shall have force and effect of a general law, and the courts shall take notice thereof in all proceedings without further proof."

Appellee's pleading nowhere alleged that the claim sued upon was presented to the city secretary of the city of Waco, as required by the charter of said city. Appellant presented a general demurrer to said pleading, which was by the court overruled. The charter of the city of Waco is a special one, adopted by the voters of said city at an election held on the 29th of December, 1913, and duly certified and recorded as required by law, and, by virtue of the provisions of articles 1096a to 1096i, Revised Statutes of 1914 (Vernon's Sayles'), the provisions of said charter have the force and effect of general law, and the courts are required to take notice thereof in all proceedings without further proof. The section in question, quoted above, prescribes a condition precedent to the accrual of any liability against the city for a personal injury, and it is incumbent upon the plaintiff to affirmatively allege the presentation of such claim to the city within such time and manner as prescribed by such charter provision, and a failure to do so is a failure to state any cause of action, and renders such petition subject to general demurrer. City of Dallas v. Shows (Tex. Com. App.) 212 S. W. 633; Cawthorn v. City of Houston (Tex. Com. App.) 231 S. W. 703; Dillon on Municipal Corporations (5th Ed.) § 1613. Charter provisions like the one involved herein obtain in practically all the larger cities, and have been uniformly upheld, and our higher courts have uniformly required strict compliance therewith. Parsons v. City of Fort Worth, 26 Tex. Civ. App. 273, 63 S. W. 889; Luke v. City of El Paso (Tex. Civ. App.) 60 S. W. 363; English v. City of Fort Worth (Tex. Civ. App.) 152 S. W. 179; City of Fort Worth v. Shero, 16 Tex. Civ. App. 487, 41 S. W. 704 (writ refused); City of Dallas v. Shows (Tex. Com. App.) 212 S. W. 633; Cawthorn v. City of Houston (Tex. Com. App.) 231 S. W. 703. McQuillin on Municipal Corporations, § 2715, says:

"Such requirements are enacted in furtherance of public policy, and their object and purpose is to protect the municipality from the expense of needless litigation, and give it the opportunity for investigation and allow it to adjust differences and settle claims without suit."

[2] In other words, a compliance with such requirement aids the city to know the facts and to pay meritorious claims without suit, and to preserve the evidence for litigation where that becomes necessary. To hold that the filing of suit was a compliance with said provision, as contended by appellee, would defeat the very purpose of it. In order to state a cause of action against the city, it was necessary for appellee to allege compliance with said provision of the charter, and, not having done so, his petition was subject to general demurrer, and the court erred in overruling same. We sustain this assignment, which requires a reversal of this case.

[3] Under the eleventh assignment appellant contends the trial court erred in refusing to submit to the jury the question of contributory negligence. The record discloses that, at the time of the injury in November, 1924, appellee lived at No. 2007 South Fifth street, on the west side of said street. The water meter alleged to have caused the injury was in front of the house at No. 2016 on the east side of South Fifth street. At said time there was no cement walk or curb along the east side of said street in front of No. 2016 or near the place where said meter was situated. Along the street where said meter was situated the property line was ten feet from the gutter or curb line, if there had been a curb. The water meter was in line with the telephone poles, both poles and meter being near the curb line, and some eight feet from the property line, and, if a cement walk had been constructed along said side of said street, said meter would have been between such sidewalk and curb, and probably two feet from such walk. The traveled way in front of 2016 was in the nature of a path, which varied in distance from the curb line. There was no street intersection near where said meter was located. Mrs. Watkins, mother of appellee Leland Watkins, and Mrs. Summey went across said street in front of No. 2016 to a vegetable wagon, and near said meter, and Leland, seeing said parties across said street, ran or walked fast diagonally across said street, not on any intersecting street, as she said, for the purpose of scaring them, and, on passing the gutter or curb line, stepped on the meter, and was injured. Appellant pleaded contributory negligence on the part of appellee Leland Watkins, "in that she was crossing a street at a place not used and made for pedestrians to cross, and was not using the place customarily used for pedestrians, and going upon the sidewalk at the place she did, and by reason of such facts she was guilty of negligence which contributed to her injury." Said special plea of contributory negligence as to the facts alleged was fully sustained by the evidence. Appellant prepared special issues submitting said special plea of contributory negligence, and requested the court to submit same, which the court refused to do. We think the evidence was sufficient to raise the issue of contributory negligence, and the special issues requested, if not correct, were sufficient to call the court's attention to said issue and to require the court by proper issues to submit said question, and the trial court erred in refusing to so do. M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; H. & T. C. Ry. v. Stewart (Tex. Civ. App.) 37 S. W.

771; M., K. & T. Ry. Co. v. Hines (Tex. Civ. App.) 40 S. W. 154; Galveston, etc., Ry. Co. v. Parrish (Tex. Civ. App.) 40 S. W. 193.

For the errors above indicated, the judgment of the trial court is reversed, and the cause remanded.