**Dora Thelma CAVAZOS, Appellant,**

v.

**The CITY OF MISSION,**
Texas, Appellee.

No. 13–89–217–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1990.

Rehearing Granted Aug. 31, 1990.

Joe A. Cisneros, McAllen and Joseph W. Barbisch, Jr., Austin, for appellant.

Edward G. Aparicio and Robert L. Galligan, Weslaco, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## ON MOTION FOR REHEARING

DORSEY, Justice.

The opinion and judgment of June 29, 1990, are withdrawn and the following opinion is substituted. On rehearing, we reverse the trial court's judgment.

Appeal is taken from the granting of a summary judgment in favor of the City of Mission. The plaintiff, Dora Cavazos, alleged that on June 9, 1987, she sustained injuries when she stepped into the alley behind her property and fell through and into an abandoned irrigation pipe. On September 1, 1987, she filed suit against the City for damages, alleging that the pipe was located on City property and that the City failed to properly maintain the pipe in a safe condition. The City answered with a general denial.

On November 10, 1988, the City filed a motion for summary judgment alleging that notice had not been given as required by the Texas Tort Claims Act[1] and the Mission City Charter, both of which require notice of claim within six months of an injury. Appellant raises eight points of error, arguing that summary judgment was improper because the city had actual notice, had waived compliance with the City Charter's notice requirements and that the notice provision violates the Texas Constitution.

By points of error one through four, appellant argues that summary judgment was improper because the City had actual notice of her claim by virtue of the service of her original petition initiating the lawsuit within the statutory period. The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex. App.–Corpus Christi 1982, writ ref'd n.r.e.). A summary judgment should be granted only if evidence establishes that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law on all issues presented to the trial court. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *Torres v. Laredo Nat. Bank*, 716 S.W.2d 667, 668–69 (Tex.App.–Corpus Christi 1986, no writ); *Barrow*, 641 S.W.2d at 625; Tex.R.Civ.P. 166a(c).

In support of its motion for summary judgment, the City submitted the affidavits of its manager and secretary and two responses to requests for admissions. The affidavits, dated November 7, 1988, aver that neither city official received *formal* written notice. Appellant admitted in a request for admission that formal notice of claim had not been given within six-months of date of the alleged injury. Appellant's response to the motion for summary judgment alleged that the City had actual notice of her claim because suit was filed within the six-month notice of claim period.

All argument and proof, both in support of and in response to the motion for summary judgment, fails to characterize the alleged defect as either proprietary or governmental. Interestingly, the parties argue the applicability of *both* the City Charter, which applies to proprietary functions, and the Tort Claims Act, which concerns governmental functions. The two positions are inherently inconsistent because the Tort Claims Act does not apply to proprietary functions. *See* Tex.Civ.Prac. & Rem. Code Ann. art. § 101.058 (Vernon 1986). Absent summary judgment proof that the defect was either proprietary or governmental, the trial court's judgment must be reversed unless Cavazos cannot recover, as

---

1. Tex.Civ.Prac. & Rem.Code Ann. art. § 101.101 (Vernon 1986).

a matter of law, on both grounds submitted in the motion for summary judgment. Hence, in light of the record before us, we do not reach the issue of whether the defect is proprietary or governmental; our inquiry is limited to whether, as a matter of law, appellant is precluded from recovery under the City's Charter and the Tort Claims Act. We first address the City's contention that appellant has failed to properly comply with the Charter's notice of claim requirements.

■ The City argues that formal written notice was not given in compliance with the City Charter and that Texas case law mandates strict compliance with city charter provisions. Section 11.07 of the Mission City Charter provides in pertinent part:

> Before the City shall be liable for damages on a claim or suit for personal injury ... shall give the City Manager or the person performing the duties of City Secretary, notice in writing within six (6) months after the occurrence of the alleged injury....

The Charter does not contain a "good cause" or "actual notice" exception. Tex.Rev.Civ.Stat.Ann. art. 1175(6) (Vernon 1963) (repealed)[2] (emphasis added) authorizes home rule cities to "provide for the exemption of liability on account of any claim for any damage to any person or property, *or to fix such rules and regulations governing the city's liability as may be advisable.*" Pursuant to this authorization, notice of claim requirements are found in most Texas city charters. *See City of Houston v. Torres,* 621 S.W.2d 588, 590 (Tex.1981). These requirements, however, must be reasonable. *Id.* Article 1175 recognizes that a city's charter provisions may not be in conflict with the constitution or with the general laws enacted by the legislature. *Fitts v. City of Beaumont,* 688 S.W.2d 182, 183 (Tex.App.–Beaumont 1985, writ denied).

Texas courts have recognized several limited exceptions to the requirement of timely notice of claim; however, these exceptions are not applicable in the instant case. *See Roberts v. Haltom City,* 543

S.W.2d 75 (Tex.1976) (city estopped from requiring compliance with notice of claim); *McCrary v. City of Odessa,* 482 S.W.2d 151 (Tex.1972) (claimant excused under disability of minority); *Simpson v. City of Abilene,* 388 S.W.2d 760 (Tex.Civ.App.–Eastland 1965, writ ref'd n.r.e.) (compliance excused due to mental or physical incapacity). Appellant provided no explanation for failing to provide formal written notice.

In *City of Houston v. Torres,* a claimant failed to timely comply with the city's notice of claim requirement because he originally thought that his injury was trivial. In holding that an exception was not warranted, the Court re-stated the rule that "Texas authorities have consistently recognized that compliance with such charter provisions is mandatory and that timely filing of a written notice of claim is a condition precedent to maintenance of a suit against a city for injuries." *Torres,* 621 S.W.2d at 591 (citations omitted). As applied to the instant case, the City's Charter complies with the requirements of section 1175 and does not violate the constitution or general laws of this State. In light of the well-established rule mandating strict compliance with notice of claim requirements, we find that appellant failed to provide notice of claim as required by the City's Charter.

We now address appellant's contention that the City had actual notice of its claim under the Texas Tort Claims Act. Section 101.101 of the Act provides:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>> (1) the damage or injury claimed;
>> (2) the time and place of the incident; and
>> (3) the incident.
> (b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.

(Vernon 1988).

---

**2.** Now Tex. Local Gov't Code Ann. § 51.077

(c) *The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.* (emphasis added).

The Act ratifies the notice provisions of a municipality as contained in its ordinances and charters but provides that those notice requirements do not apply if the city has actual notice of the injury, death, or property damage. Tex.Civ.Prac. & Rem.Code Ann. art. § 101.101 (Vernon 1986). The issue here is whether the filing of suit and the service of the plaintiff's original petition on a City officer may constitute actual notice obviating the necessity of formal notice in conformity with the Act. We believe that the filing of suit may amount to actual notice.

■ The purpose of the "notice of claim" requirement is to ensure that claims are promptly reported and that a city has an opportunity to investigate the merits of a claim while the facts are fresh. *Torres,* 621 S.W.2d at 591. This allows a city to guard against unfounded claims, settle claims, or prepare for trial, depending upon the outcome of its investigation. *Id.* When a city has actual notice within the time limit allowed for formal notice, it can evaluate a claim without disadvantage. The question is whether information of a claim received by an employee or agent of the city amounts to actual notice to the municipality.

It is uncontroverted that suit was filed within the six-month notice of claim period as the Tort Claims Act requires. The City argues that prior case law mandates that the filing of suit may not constitute notice. *See City of Waco v. Watkins,* 292 S.W. 583, 584 (Tex.Civ.App.–Waco 1927, no writ). In *Watkins,* the court held that filing of suit did not satisfy the City Charter's provision mandating written notice. *Id.* We find *Watkins* distinguishable. *Watkins* concerns compliance with a city charter's notice of claim provision; it does not address notice requirements arising from claims for governmental functions, which the Texas Tort Claims Act governs. The Tort Claims Act specifically allows actual notice to substitute for formal written notice.

■ As applied to city charter notice provisions, we agree with the City that notice of a claim is a condition precedent to liability and that strict compliance is mandated. However, under the Act, when there are allegations of actual notice and suit is filed *within* the notice of claim period, no purpose is served in requiring additional formal notice. Thus, we hold that under the Tort Claims Act a city may have actual notice of a claim when suit is filed within the notice of claim period.

■ Whether one has actual notice is a question of fact. *Lorig v. City of Mission,* 629 S.W.2d 699, 701 (Tex.1982) (citing *Hexter v. Pratt,* 10 S.W.2d 692, 693 (Tex. Comm.App.1928, judgm't adopted)); *City of Texarkana v. Nard,* 575 S.W.2d 648, 652 (Tex.Civ.App.–Tyler 1978, writ ref'd n.r.e.) Here, appellant's response and accompanying affidavits raise issues of material fact concerning whether the City had actual notice. Appellant's petition, included with service obtained upon the City Secretary, sets forth sufficient information to raise a fact question regarding whether the City had actual notice.

In light of the above, we find that the trial court erred in granting the City's motion for summary judgment because a fact issue exists whether the City received actual notice of Cavazos' claim. We sustain appellant's points of error one through four. We decline to address appellant's remaining points of error because of our disposition of points one through four. *See* Tex.R.App.P. 90(a). We REVERSE the trial court's judgment and REMAND for trial.

UTTER, J., not participating.