COUNTY OF BEXAR, Appellant,

v.

Edwin BRUTON, Appellee.

No. 04–07–00663–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 6, 2008.

Rehearing Overruled Feb. 26, 2008.

Leslie J.A. Sachanowicz, Assistant District Attorney, San Antonio, TX, for Appellant.

John N. Tyler, Tyler & Peery, San Antonio, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

County of Bexar brings this interlocutory appeal of the trial court's order denying its plea to the jurisdiction, arguing that its plea should have been granted because Edwin Bruton did not give notice pursuant to section 89.0041 of the Texas Local Government Code. Because we hold that section 89.0041's notice requirement is not a jurisdictional requirement, we affirm the trial court's order.

### BACKGROUND

On December 8, 2004, Edwin Bruton was involved in an automobile accident with a vehicle driven by a Bexar County employee. On December 7, 2006, he sued Bexar County pursuant to the Texas Tort Claims Act. That same day, citation was served on the authorized agent for Bexar County. On January 4, 2007, Bexar County filed an answer and request for disclosure pursuant to Texas Rule of Civil Procedure 194.2. On January 30, 2007, Bruton filed an amended original petition. On April 3, 2007, Bexar County filed a "Plea to Jurisdiction/Motion to Dismiss, and Amended Original Answer," stating

that Bruton's claims were "barred, in whole or in part, by §§ 89.0041 *et al.* of the Texas Local Government Code." On August 8, 2007, Bexar County filed another "Motion to Dismiss and Plea to the Jurisdiction," arguing that Bruton did not give notice pursuant to section 89.0041.[1] That motion was set for hearing on September 5, 2007. After a hearing on September 5th, the trial court denied Bexar County's motion.

## PLEA TO THE JURISDICTION

### A. Standard of Review

■ Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code permits a party to appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2007). A plea to the jurisdiction based on sovereign immunity challenges a trial court's subject-matter jurisdiction. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007). Whether a trial court has subject-matter jurisdiction is a question of law. *Id.* Accordingly, we review a challenge to the trial court's subject-matter jurisdiction de novo. *Id.*

### B. Notice Provision

Section 89.0041 of the Texas Local Government Code requires a plaintiff to notify the county judge and county or district attorney within thirty days of filing a lawsuit:

§ 89.0041. **Notice of Suit Against County**

(a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:

(1) the county judge; and

(2) the county or district attorney having jurisdiction to defend the county in a civil suit.

(b) The written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and contain:

(1) the style and cause number of the suit;

(2) the court in which the suit was filed;

(3) the date on which the suit was filed; and

(4) the name of the person filing suit.

(c) If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.

TEX. LOC. GOV'T CODE ANN. § 89.0041 (Vernon Supp.2007).

The Act amending section 89.0041 included the effective date of the Act and a savings clause:

(a) This Act takes effect September 1, 2003.

(b) This Act applies only to a claim arising under a contract executed on or after September 1, 2003. A claim that arises under a contract executed before September 1, 2003, is governed by the law as it existed on the date the contract is executed, and the former law is continued in effect for that purpose.

Acts 2003, 78th Leg., R.S., ch.1203, § 4(b).

### C. Discussion

■ Bexar County argues that because Bruton did not comply with section

---

**1.** It is undisputed that Bruton did not give written notice within thirty days of filing suit in compliance with section 89.0041.

89.0041's notice provision, the trial court lacked subject-matter jurisdiction. In response, Bruton contends that (1) section 89.0041 does not apply to tort claims, (2) even if section 89.0041 does apply to tort claims, Bexar County had actual knowledge of the lawsuit, and (3) section 89.0041's notice requirement is not a jurisdictional requirement. Because we agree that section 89.0041's notice requirement is not a jurisdictional requirement, we affirm the trial court's order.

In support of its argument that section 89.0041's notice requirement is jurisdictional, Bexar County relies on section 311.034 of the Code Construction Act:[2]

### § 311.034. Waiver of Sovereign Immunity

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. *Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.*

TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2007) (emphasis added).

Bexar County admits that section 89.0041's notice requirement is not a statutory prerequisite to filing a lawsuit, but is instead a post-filing requirement. Nevertheless, it argues that section 311.034 applies to section 89.0041's notice requirement because "statutory prerequisites to a suit" does not mean only statutory prerequisites to filing a lawsuit, but also includes statutory prerequisites to *maintaining* a lawsuit. In response, Bruton emphasizes that section 311.034 should not apply because Bexar County "is not complaining about a statutory prerequisite to a suit" but rather "is complaining about a post-suit notice provision." We agree with Bruton.

In interpreting a statute, our goal is to ascertain and give effect to the Legislature's intent in enacting it. *In re Canales,* 52 S.W.3d 698, 702 (Tex.2001); *see* TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005). In ascertaining the Legislature's intent, "whether or not the statute is considered ambiguous on its face," we may consider, among other matters, the following: (1) the object sought to be attained; (2) the circumstances under which the statute was enacted; (3) legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) the consequences of a particular construction; (6) the administrative construction of the statute; and (7) the title (caption), preamble, and emergency provi-

2. We note that Bexar County does not alternatively argue that even if section 311.034 is inapplicable, section 89.0041 is still a jurisdictional requirement. Indeed, it seems clear that if section 311.034 is inapplicable, section 89.0041's post-suit notice provision is not a jurisdictional requirement. *See Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 364 (Tex.2004) (holding that the Texas Tort Claims Act's pre-suit notice provision requiring a plaintiff to notify a governmental unit of his claim not later than six months after the day of the incident was not a jurisdictional requirement), *superseded by statute,* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2007); *see also Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76–77 (Tex.2000) ("The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.").

sion. TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005). Further, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN § 311.011(a) (Vernon 2005); *see Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson,* 209 S.W.3d 644, 651 (Tex.2006) ("Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on.").

"Prerequisite to a suit" is not defined by statute. However, the common usage of the term necessarily implies a requirement to be fulfilled *before* suit is filed. *See Dallas County v. Hughes,* 189 S.W.3d 886, 888 (Tex.App.-Dallas 2006, pet. denied) ("A prerequisite is 'something that is required beforehand.' ") (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY 1791 (1981)). That is, a prerequisite to a lawsuit is a requirement to be fulfilled before suit is filed, while a *requisite* to suit would be a requirement to be fulfilled during the lawsuit. This interpretation is consistent with the legislative history of section 311.034. The Bill Analysis relating to section 311.034, under a section titled "Background and Purpose," discusses statutory prerequisites to *filing* suit; it does not mention statutory requisites to *maintaining* a suit:

> The waiver of sovereign immunity is a matter exclusively reserved to the legislature. Under current law, several statutes provide for a limited waiver of immunity against the government, but require that certain steps, known as statutory prerequisites, be taken to take advantage of the waiver. *Compliance with the statutory prerequisites to filing suit is often an issue in litigation, and considerable confusion has arisen in the courts regarding whether such compliance is a jurisdictional matter or not.*

Whether or not compliance with statutory prerequisites is jurisdictional has important consequences. If the requirements are jurisdictional and compliance has not occurred, then a governmental entity may file a plea to contest the trial court's jurisdiction over the case and, if the plea is denied, may file an immediate appeal. Allowing an immediate appeal permits conservation of all parties' resources during determination of the appeal, instead of requiring the expenditure of funds to try lawsuits that are ultimately determined to be outside the limited waiver of immunity.

H.B. 2988 makes clear that statutory prerequisites are jurisdictional requirements in all suits against government entities.

House Comm. on State Affairs, Bill Analysis, Tex. H.B. 2988, 79th Leg., R.S. (2005) (emphasis added).

We note that the Thirteenth Court of Appeals in *Ballesteros v. Nueces County,* No. 13–06–00405–CV, 2007 WL 2473454 (Tex.App.-Corpus Christi Aug. 31, 2007, no pet. h.) (mem. op.), has reached the opposite conclusion. In interpreting section 311.034, the court focused on the words "notice provision," instead of the filing/maintaining distinction relating to "prerequisite to a suit":

> While section 89.0041 is a statutory prerequisite to maintaining a suit against the county, it is clearly not a prerequisite to filing the suit. No cases have spoken to the precise issue before this court. Since the amendment of section 311.034, pre-suit notice of a claim under the Texas Tort Claims Act has been determined to be jurisdictional. *See Tex. Dep't of Crim. Justice v. Thomas,* No. 01–04–01084–CV, —— S.W.3d ——, ——, 2007 WL 1152937, at *4 (Tex.App.-Houston [1st Dist.] Apr. 19, 2007, pet. filed). In contrast, claims interpreting

statutes of limitations have been construed as not jurisdictional after the amendment of section 311.034. *See Dallas County v. Hughes,* 189 S.W.3d 886, 888 n. 3 (Tex.App.-Dallas 2006, pet. denied). Section 89.0041 is not a prerequisite to filing suit. However, it is a notice provision [that] the Legislature clearly intended to be required to maintain the suit. Because section 89.0041 unequivocally applies to notice provisions in cases against a governmental agency, we find that the trial court lacked subject matter jurisdiction.

*Ballesteros,* 2007 WL 2473454, at *4. We agree that section 89.0041's post-suit notice provision was clearly intended by the Legislature to be a requirement to maintaining the lawsuit. If the Legislature did not so intend, it would not have written subsection (c) to state that "[i]f a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official." Tex. Loc. Gov't Code Ann. § 89.0041(c) (Vernon Supp.2007). However, it does not necessarily follow that the Legislature intended section 89.0041's notice provision to be a *jurisdictional* requirement. We, therefore, decline to follow the reasoning of our sister court.

### Conclusion

Because section 89.0041's notice provision is not a jurisdictional requirement, the trial court did not err in denying Bexar County's plea to the jurisdiction. We, therefore, affirm the trial court's order denying the plea to the jurisdiction.