Reversed and Rendered and Opinion filed January 27, 2009








Reversed and
Rendered and Opinion filed
January 27, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00210-CV

____________

 

BRAZORIA COUNTY, Appellant

 

V.

 

GLENN COLQUITT, Appellee

 



 

On Appeal from the 412th
District Court

Brazoria County, Texas

Trial Court Cause No. 36907

 



 

O P I N I O N

This is an accelerated appeal from the trial court=s denial of
appellant, Brazoria County=s plea to the jurisdiction.  We reverse.

Factual and Procedural Background








Appellee, Glenn Colquitt was employed by Volt Telecom.  On
or about December 15, 2005 appellee was working at the Brazoria County jail
installing telephone cable when the floor in the jail=s second story
equipment room collapsed.  Appellee fell through the floor allegedly suffering
severe and permanent injuries in the process.

On February 9, 2006, appellee filed suit against appellant
asserting causes of action for negligence and premises liability.  It is
undisputed on appeal that appellee did not send appellant written notice of his
claim prior to the filing of his lawsuit.  Nearly two years later, in January
2008, appellant filed a AMotion to Dismiss for Lack of Jurisdiction@ (Aplea to the
jurisdiction@).  Appellant argued appellee=s suit should be
dismissed because appellant did not receive pre-suit notice of appellee=s claim under
section 311.034 of the Government Code and section 101.101 of the Civil
Practice and Remedies Code.  In response, appellee=s only argument
was that appellant had actual notice of the claim by virtue of the undisputed
fact appellee filed suit within six months of the date of the incident. 
Following an oral hearing, the trial court denied appellant=s plea to the
jurisdiction and this interlocutory appeal followed.

Discussion

In a single issue, appellant contends the trial court erred
when it denied appellant=s plea to the jurisdiction.  Citing to
section 101.101 of the Civil Practice and Remedies Code and section 311.034 of
the Government Code appellant asserts that, unless the governmental entity has
actual knowledge of the incident giving rise to a plaintiff=s claim, a
plaintiff must, within six months of the date of the incident and prior to
filing suit, give the governmental entity notice of the claim against it.  In
response, appellee argues the filing of a lawsuit within six months of the date
of the incident satisfies the actual notice requirement.  We agree with
appellant.

A.      The
Standard of Review








In Texas, sovereign immunity deprives a trial court of
subject matter jurisdiction for lawsuits in which the state or certain
governmental units have been sued unless the state consents to suit.  Tex.
Dept. of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). 
Immunity from suit defeats a trial court=s subject‑matter
jurisdiction.  Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542
(Tex. 2003).  Whether a court has subject matter jurisdiction is a question of
law.  Miranda, 133 S.W.3d at 226.  Appellate courts reviewing a challenge
to a trial court=s subject matter jurisdiction review the
trial court=s ruling de novo. Id. at 228.

In addition, the issue presented in this appeal requires a
review of the trial court=s interpretation and application of
section 101.101 of the Civil Practice and Remedies Code and section 311.034 of
the Government Code.  It is well settled in Texas that statutory interpretation
presents a question of law subject to de novo review.  Mitchell
Energy Corp. v. Ashworth, 943 S.W.2d 436, 437 (Tex. 1997).  A trial court
has no discretion when evaluating a question of law.  See Huie v. DeShazo,
922 S.W.2d 920, 927 (Tex. 1996); Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).  Texas courts of appeal are required to conduct an independent
review and evaluate the statute to determine its meaning.  Id.








A court=s primary objective in construing a statute
is to determine and give effect to the legislative intent.  Liberty Mut.
Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998). 
Under accepted principles of statutory construction, if the language of a
statute is unambiguous, then the court must seek the legislative intent as
found in the plain and common meaning of the words and terms used.  Sorokolit
v. Rhodes, 889 S.W.2d 239, 241 (Tex. 1994).  Common words should be
interpreted as they are commonly used.  Elgin Bank v. Travis County, 906
S.W.2d 120, 121 (Tex. App.CAustin 1995, writ denied).  In our
construction, we must presume the entire statute is intended to be effective, a
just and reasonable result is intended, a result feasible of execution is
intended, and the public interest is favored over private interest.  See Tex. Gov=t Code Ann. ' 311.021 (Vernon
2005); Compass Bank v. Bent Creek Inv., Inc., 52 S.W.3d 419, 424  (Tex.
App.CFort Worth  2001,
no pet.).  Construction of a statute that would render a provision useless is
not favored by law.  Carson v. Hudson, 398 S.W.2d 321, 323 (Tex. App.CAustin 1966, no
writ).

B.      Did
Appellant Receive Proper Notice of Appellee=s Claim?

Section 311.034 of the Texas Government Code pertains to
waiver of sovereign immunity and provides in relevant part, AStatutory
prerequisites to a suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity.@  Tex. Gov=t Code Ann. ' 311.034 (Vernon
Supp. 2008).  The Texas legislature added this language to section 311.034,
effective September 1, 2005, to clarify its intent regarding the relationship
between statutory prerequisites to a suit and sovereign immunity.  See Tex.
Dep=t of Criminal Justice v. Thomas, 263 S.W.3d 212,
217B18 (Tex. App.CHouston [1st
Dist.] 2007, pet. denied).

Under the doctrine of sovereign immunity, a unit of state
government, such as appellant, is immune from suit and liability unless the
state consents.  Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540,
542 (Tex. 2003).  In a suit against a governmental unit, the plaintiff must
affirmatively demonstrate the trial court's jurisdiction by alleging a valid
waiver of immunity.  Id.  The only waiver of sovereign immunity alleged
by appellee is the Texas Tort Claims Act.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.025 (Vernon 2005).  Therefore, we
must determine if Colquitt=s suit falls within the limited waiver of
sovereign immunity provided by the Texas Tort Claims Act.  See Tooke v. City
of Mexia, 197 S.W.3d 325, 328B29 (Tex.2006); Streetman
v. Univ. of Tex. Health Sci. Ctr. at San Antonio, 952 S.W.2d 53, 55 (Tex.
App.CSan Antonio 1997,
pet. denied).  To fall within this waiver, Colquitt must satisfy the following
notice provision, outlined in section 101.101:

(a)     A governmental unit is entitled to receive
notice of a claim against it under this chapter not later than six months after
the day that the incident giving rise to the claim occurred.  The notice must
reasonably describe:

(1) the damage or injury claimed;








(2) the time and place of the incident; and

(3) the incident.

. . .

(c)     The notice requirements provided or ratified
and approved by Subsections (a) and (b) do not apply if the governmental unit
has actual notice that the death has occurred, that the claimant has received
some injury, or that the claimant=s property has been damaged.

Tex.
Civ. Prac. & Rem. Code Ann. ' 101.101 (Vernon
2005); see Streetman, 952 S.W.2d at 55.

Under section 101.101(c), Aactual notice@ requires that a
governmental unit have knowledge of the information it is entitled to be given
under section 101.101(a) and a subjective awareness that its fault produced or
contributed to the claimed injury.  Tex. Dep=t of Criminal
Justice v. Simons, 140 S.W.3d 338, 348 (Tex. 2004).  The purpose of the
notice provision is to ensure claims are promptly reported so that a
governmental entity may investigate the merits of a claim while the facts are
fresh and conditions remain substantially the same.  See Simons, 140
S.W.3d at 344; City of Houston v. Torres, 621 S.W.2d 588, 591 (Tex.
1981).  Subjective awareness is required because if a governmental entity is
not subjectively aware of its fault, it does not have the same incentive to
gather the information the statute is designed to provide.  Simons, 140
S.W.3d at 348.








Appellee did not argue before the trial court and does not
contend on appeal that appellant had notice of the information required by
section 101.101(a) and a subjective awareness that appellant=s fault produced
or contributed to appellee=s claimed injury prior to the filing of
his lawsuit.  Instead, appellee=s only argument on appeal is that
appellant had Aactual notice@ of  his claim
because he filed suit within six months of the date of the incident.  In
support of his argument, appellee cites only Cavazos v. City of Mission,
797 S.W.2d 268, 271 (Tex. App.CCorpus Christi 1990, no writ).  The court
in Cavazos held that filing suit within the time required for notice
under section 101.101(a) amounts to actual notice, obviating any need for formal
notice in conformity with the Texas Tort Claims Act.  See id.  However, Cavazos
was decided fifteen years before section 311.034 was enacted and we choose not
to follow it here.

APrerequisite to a suit@ is not defined by
statute; however, common usage of the term Aprerequisite to
suit,@ as section
311.034 provides, necessarily implies that the requirement is to be fulfilled
before a suit is filed.  County of Bexar v. Bruton, 256 S.W.3d 345, 348
(Tex. App.CSan Antonio 2008, no pet.).  Since the legislature
amended section 311.034, pre-suit notice of a claim under the Texas Tort Claims
Act is jurisdictional.  See Ballesteros v. Nueces County, No.
13-06-00405-CV, 2007 WL 2473454, at *4 (Tex. App.CCorpus Christi
Aug. 31, 2007, no pet. h.) (mem. op.).  Section 311.034 now requires that a
governmental unit have notice, either actual or by receiving notice of a
plaintiff=s claim within six months of the date of the incident,
as a statutory prerequisite to filing suit.  See Tex. Gov=t Code Ann. ' 311.034; Thomas,
263 S.W.3d at 218; Bruton, 256 S.W.3d at 348; Ballesteros, 2007
WL 2473454, at *4.  Accordingly, under section 311.034, the notice prerequisite
may not be satisfied by notice that comes as a result of the lawsuit being
filed.  See Tex. Gov=t Code Ann. ' 311.034; Thomas,
263 S.W.3d at 218; Bruton, 235 S.W.3d at 348; Ballesteros, 2007
WL 2473454, at *4. 

Because appellant did not receive the notice required by
section 101.101, and because appellant did not have actual knowledge of the
information it is entitled to be given under section 101.101(a), appellee did
not fufill the jurisdictional prerequisite to filing suit and the trial court
did not have subject matter jurisdiction over appellee=s lawsuit.  See
Tex. Gov=t Code Ann. ' 311.034; Tex.
Civ. Prac. & Rem. Code Ann. ' 101.101; Miranda,
133 S.W.3d at 226.  Accordingly, we sustain appellant=s single issue on
appeal.

 

 

 








Conclusion

We reverse the trial court=s order denying
appellant=s plea to the jurisdiction, and render judgment
dismissing appellee=s claims against appellant for want of
subject matter jurisdiction.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

 

Panel
consists of Justices Anderson, Frost, and Hudson.[1]

 

  

   

 

 









[1]  Senior Justice Harvey Hudson sitting by assignment.