**BRAZORIA COUNTY, Appellant,**

v.

**Glenn COLQUITT, Appellee.**

**No. 14–08–00210–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 27, 2009.

Rehearing Overruled March 19, 2009.

---

2. *See ante* at p. 574.

584

Raethella Jones, Angleton, for appellant.

Brenton J. Allison, Douglas T. Gilman, Pearland, Marc Evan Kutner, James T. Liston, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and HUDSON.[1]

**OPINION**

JOHN S. ANDERSON, Justice.

This is an accelerated appeal from the trial court's denial of appellant, Brazoria County's plea to the jurisdiction. We reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Appellee, Glenn Colquitt was employed by Volt Telecom. On or about December 15, 2005 appellee was working at the Brazoria County jail installing telephone cable when the floor in the jail's second story equipment room collapsed. Appellee fell through the floor allegedly suffering severe and permanent injuries in the process.

On February 9, 2006, appellee filed suit against appellant asserting causes of action

1. Senior Justice HARVEY HUDSON sitting by assignment.

for negligence and premises liability. It is undisputed on appeal that appellee did not send appellant written notice of his claim prior to the filing of his lawsuit. Nearly two years later, in January 2008, appellant filed a "Motion to Dismiss for Lack of Jurisdiction" ("plea to the jurisdiction"). Appellant argued appellee's suit should be dismissed because appellant did not receive pre-suit notice of appellee's claim under section 311.034 of the Government Code and section 101.101 of the Civil Practice and Remedies Code. In response, appellee's only argument was that appellant had actual notice of the claim by virtue of the undisputed fact appellee filed suit within six months of the date of the incident. Following an oral hearing, the trial court denied appellant's plea to the jurisdiction and this interlocutory appeal followed.

## DISCUSSION

In a single issue, appellant contends the trial court erred when it denied appellant's plea to the jurisdiction. Citing to section 101.101 of the Civil Practice and Remedies Code and section 311.034 of the Government Code appellant asserts that, unless the governmental entity has actual knowledge of the incident giving rise to a plaintiff's claim, a plaintiff must, within six months of the date of the incident and prior to filing suit, give the governmental entity notice of the claim against it. In response, appellee argues the filing of a lawsuit within six months of the date of the incident satisfies the actual notice requirement. We agree with appellant.

## A. The Standard of Review

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Tex. Dept. of Parks and Wildlife v. Mi-*

*randa,* 133 S.W.3d 217, 224 (Tex.2004). Immunity from suit defeats a trial court's subject-matter jurisdiction. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003). Whether a court has subject matter jurisdiction is a question of law. *Miranda,* 133 S.W.3d at 226. Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling *de novo. Id.* at 228.

In addition, the issue presented in this appeal requires a review of the trial court's interpretation and application of section 101.101 of the Civil Practice and Remedies Code and section 311.034 of the Government Code. It is well settled in Texas that statutory interpretation presents a question of law subject to *de novo* review. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997). A trial court has no discretion when evaluating a question of law. *See Huie v. DeShazo,* 922 S.W.2d 920, 927 (Tex.1996); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). Texas courts of appeal are required to conduct an independent review and evaluate the statute to determine its meaning. *Id.*

A court's primary objective in construing a statute is to determine and give effect to the legislative intent. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). Under accepted principles of statutory construction, if the language of a statute is unambiguous, then the court must seek the legislative intent as found in the plain and common meaning of the words and terms used. *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994). Common words should be interpreted as they are commonly used. *Elgin Bank v. Travis County,* 906 S.W.2d 120, 121 (Tex.App.-Austin 1995, writ denied). In our construction, we must presume the entire statute is intended to be effective, a just and reasonable

result is intended, a result feasible of execution is intended, and the public interest is favored over private interest. *See* Tex. Gov't Code Ann. § 311.021 (Vernon 2005); *Compass Bank v. Bent Creek Inv., Inc.,* 52 S.W.3d 419, 424 (Tex.App.-Fort Worth 2001, no pet.). Construction of a statute that would render a provision useless is not favored by law. *Carson v. Hudson,* 398 S.W.2d 321, 323 (Tex.App.-Austin 1966, no writ).

**B. Did Appellant Receive Proper Notice of Appellee's Claim?**

Section 311.034 of the Texas Government Code pertains to waiver of sovereign immunity and provides in relevant part, "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2008). The Texas legislature added this language to section 311.034, effective September 1, 2005, to clarify its intent regarding the relationship between statutory prerequisites to a suit and sovereign immunity. *See Tex. Dep't of Criminal Justice v. Thomas,* 263 S.W.3d 212, 217–18 (Tex.App.-Houston [1st Dist.] 2007, pet. denied).

 Under the doctrine of sovereign immunity, a unit of state government, such as appellant, is immune from suit and liability unless the state consents. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 542 (Tex.2003). In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Id.* The only waiver of sovereign immunity alleged by appellee is the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.025 (Vernon 2005). Therefore, we must determine if Colquitt's suit falls within the limited waiver of sovereign immunity provided by the

Texas Tort Claims Act. *See Tooke v. City of Mexia,* 197 S.W.3d 325, 328–29 (Tex. 2006); *Streetman v. Univ. of Tex. Health Sci. Ctr. at San Antonio,* 952 S.W.2d 53, 55 (Tex.App.-San Antonio 1997, pet. denied). To fall within this waiver, Colquitt must satisfy the following notice provision, outlined in section 101.101:

 (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

 (1) the damage or injury claimed;

 (2) the time and place of the incident; and

 (3) the incident.

 . . .

 (c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that the death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 2005); *see Streetman,* 952 S.W.2d at 55.

 Under section 101.101(c), "actual notice" requires that a governmental unit have knowledge of the information it is entitled to be given under section 101.101(a) and a subjective awareness that its fault produced or contributed to the claimed injury. *Tex. Dep't of Criminal Justice v. Simons,* 140 S.W.3d 338, 348 (Tex.2004). The purpose of the notice provision is to ensure claims are promptly reported so that a governmental entity may investigate the merits of a claim while the facts are fresh and conditions remain substantially the same. *See Simons,* 140

S.W.3d at 344; *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981). Subjective awareness is required because if a governmental entity is not subjectively aware of its fault, it does not have the same incentive to gather the information the statute is designed to provide. *Simons,* 140 S.W.3d at 348.

 Appellee did not argue before the trial court and does not contend on appeal that appellant had notice of the information required by section 101.101(a) and a subjective awareness that appellant's fault produced or contributed to appellee's claimed injury prior to the filing of his lawsuit. Instead, appellee's only argument on appeal is that appellant had "actual notice" of his claim because he filed suit within six months of the date of the incident. In support of his argument, appellee cites only *Cavazos v. City of Mission,* 797 S.W.2d 268, 271 (Tex.App.-Corpus Christi 1990, no writ). The court in *Cavazos* held that filing suit within the time required for notice under section 101.101(a) amounts to actual notice, obviating any need for formal notice in conformity with the Texas Tort Claims Act. *See id.* However, *Cavazos* was decided fifteen years before section 311.034 was enacted and we choose not to follow it here.

 "Prerequisite to a suit" is not defined by statute; however, common usage of the term "prerequisite to suit," as section 311.034 provides, necessarily implies that the requirement is to be fulfilled before a suit is filed. *County of Bexar v. Bruton,* 256 S.W.3d 345, 348 (Tex.App.-San Antonio 2008, no pet.). Since the legislature amended section 311.034, pre-suit notice of a claim under the Texas Tort Claims Act is jurisdictional. *See Ballesteros v. Nueces County,* No. 13–06–00405–CV, 2007 WL 2473454, at *4 (Tex.App.-Corpus Christi Aug. 31, 2007, no pet. h.) (mem.op.). Section 311.034 now requires

that a governmental unit have notice, either actual or by receiving notice of a plaintiff's claim within six months of the date of the incident, as a statutory prerequisite to filing suit. *See* Tex. Gov't Code Ann. § 311.034; *Thomas,* 263 S.W.3d at 218; *Bruton,* 256 S.W.3d at 348; *Ballesteros,* 2007 WL 2473454, at *4. Accordingly, under section 311.034, the notice prerequisite may not be satisfied by notice that comes as a result of the lawsuit being filed. *See* Tex. Gov't Code Ann. § 311.034; *Thomas,* 263 S.W.3d at 218; *Bruton,* 256 S.W.3d at 348; *Ballesteros,* 2007 WL 2473454, at *4.

Because appellant did not receive the notice required by section 101.101, and because appellant did not have actual knowledge of the information it is entitled to be given under section 101.101(a), appellee did not fulfill the jurisdictional prerequisite to filing suit and the trial court did not have subject matter jurisdiction over appellee's lawsuit. *See* Tex. Gov't Code Ann. § 311.034; Tex. Civ. Prac. & Rem. Code Ann. § 101.101; *Miranda,* 133 S.W.3d at 226. Accordingly, we sustain appellant's single issue on appeal.

### CONCLUSION

We reverse the trial court's order denying appellant's plea to the jurisdiction, and render judgment dismissing appellee's claims against appellant for want of subject matter jurisdiction.