

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00492-CV

Eric **HOYELA**, Jesus Oyela, Cynthia Arredondo, Emede Barrera, Jose Leon Garcia, Jr.,
Edelmira Gomez, Jorge Solis, Jorge Alberto Barrera, Jose Saenz, Alvaro Pena, Erika Madariaga,
Gina Madariaga, Ester Madariaga, Maria Lamar Trevino, and Monica Aguirre,
Appellants

v.

**STARR COUNTY, TEXAS**,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-16-514
Honorable Everardo Garcia, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: July 24, 2019

REVERSED AND REMANDED

Appellants challenge the trial court's dismissal of their suit against Starr County under

section 89.0041 of the Texas Local Government Code, which requires a person who sues a county

to mail written notice to the county judge and the county's district or county attorney within 30

days of filing suit. *See* TEX. LOC. GOV'T CODE § 89.0041. Because there was substantial

compliance, and alternatively the county waived any noncompliance, we reverse and remand.

## BACKGROUND

Appellants are the owners or former owners of eight-liner[1] gaming businesses. The appellants consist of the original plaintiffs: Eric Hoyela, Jesus Oyela, Cynthia Arredondo, Emede Barrera, Jose Leon Garcia, Jr., Edelmira Gomez, and Jorge Solis; the first set of intervenors, Jorge Alberto Barrera, Jose Saenz, Alvaro Pena, Erika Madariaga, Gina Madariaga, and Ester Madariaga; and the second set of intervenors, Maria Lamar Trevino and Monica Aguirre.

The original plaintiffs filed their lawsuit on October 12, 2016. The first set of intervenors filed a plea in intervention on December 7, 2016. And the second set of intervenors filed their plea in intervention on July 3, 2017. The plaintiffs and intervenors challenged a Starr County ordinance that regulated and taxed eight-liner gaming machines and sought, among other relief, to recover illegally collected taxes.

Starr County retained outside counsel, who filed Starr County's answer to the original petition on December 2, 2016, and filed an answer to the second set of intervenors' plea on November 8, 2017. Starr County filed an answer specifically addressing the first set of intervenors' plea on December 23, 2016. A certificate of written discovery was filed and served on Starr County on February 8, 2017.

On January 16, 2018, Starr County filed a motion to dismiss based on the plaintiffs and intervenors' failure to "mail" written notice to the county judge and to the county's district or county attorney within 30 days of filing suit, as required by section 89.0041 of the Texas Local Government Code. According to the motion to dismiss, Starr County's county judge was personally served with the original plaintiffs' petition on October 26, 2016, which was fourteen

---

[1] According to pleadings filed in the trial court, an eight-liner is a "skill or pleasure" coin-operated machine.

calendar days after the original petition was filed. The motion also notes the first set of intervenors' plea in intervention was "EFiled" in the suit on December 7, 2016.

After several hearings on the motion, the trial court granted the motion and dismissed the suit. Appellants filed a motion to reconsider the dismissal, which the trial court denied. Appellants then filed a timely notice of appeal.

## DISCUSSION

Appellants contend the trial court erred in dismissing the cause because they substantially complied with section 89.0041. Alternatively, they contend Starr County waived the right to seek dismissal under section 89.0041. Section 89.0041 provides:

> (a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:
>     (1) the county judge; and
>     (2) the county or district attorney having jurisdiction to defend the county in a civil suit.
> (b) The written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and contain:
>     (1) the style and cause number of the suit;
>     (2) the court in which the suit is filed;
>     (3) the date on which the suit was filed; and
>     (4) the name of the person filing suit.
> (c) If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.

TEX. LOC. GOV'T CODE ANN. § 89.0041. Starr County's motion to dismiss argued generally that appellants did not comply with section 89.0041's requirements.

## A. Substantial Compliance

Appellants argue that although they did not strictly comply with section 89.0041's requirements, they substantially complied with section 89.0041. The Supreme Court of Texas has held that substantial compliance with the requirements of section 89.0041 suffices. *Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 926 (Tex. 2011). "Section 89.0041 ensures that the appropriate

county officials are made aware of pending suits, allowing the county to answer and defend the case." *Id.* "The statute was not intended to create a procedural trap allowing a county to obtain dismissal even though the appropriate officials have notice of the suit." *Id.* "Where the appropriate county officials receive timely notice of the suit," and when the statute's "purpose was served," "the case should not be dismissed if notice was provided by some means other than mail." *Id.*

Starr County's motion to dismiss establishes its county judge received timely notice of the suit by personal service by citation fourteen calendar days after the original petition was filed. Notice of the filing of the original petition was therefore timely provided to the county judge "by some means other than mail." *See id.* The original petition contained all the information required by section 89.0041. Similarly, the first and second sets of intervenors' pleas in intervention or other filings were e-filed or served via Rule 21a, and Starr County therefore had notice of those filings.[2] Although Starr County notes its answer to the second plea in intervention was filed four months after the second plea in intervention was filed, the service under Rule 21a ensured Starr County was "able" to timely respond by making its retained attorney "aware" of the second plea in intervention.

Starr County argues that, aside from the county judge, the county's district or county attorney did not receive written notification by mail. But the purpose of having the district or county attorney notified about the suit is to ensure the county can "answer and defend the case." *See id.* The record establishes Starr County was represented by outside counsel who timely filed an answer and was defending the case. Thus, mailing written notice to "the county or district attorney having jurisdiction to defend the county in a civil suit" would have served no purpose

---

[2] Starr County's attorney admitted at the motion to reconsider hearing that the intervenors' pleas were sent to him, and the order denying the motion to reconsider states the trial court considered the arguments of the parties. Furthermore, an e-filing receipt shows Starr County's attorney had received e-filed documents.

under the statute. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041(a)(2). Because the statute's "purpose was served," "the case should not be dismissed." *See Roccaforte*, 341 S.W.3d at 926.

## B. Waiver of Noncompliance

Appellants' alternatively challenge the trial court's rejection of their contention that Starr County's delay in seeking dismissal waived its statutory right to seek dismissal. Dismissal of a suit under section 89.0041 is mandatory, but not jurisdictional. *Cty. of Bexar v. Bruton*, 256 S.W.3d 345, 349 (Tex. App.—San Antonio 2008, no pet.). "A party may waive a mandatory, non-jurisdictional requirement by failing to object timely." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014). A county may waive noncompliance with section 89.0041's requirements by failing to seek dismissal "as soon as possible." *Roccaforte*, 341 S.W.3d at 930 (Willett, J., concurring). A request for dismissal under section 89.0041 may be untimely and prejudicial if the county does not request dismissal until after the statute of limitations has run on a claim. *See id.*

The original plaintiffs filed their lawsuit on October 12, 2016. The county judge was personally served on October 26, 2016. Thus, within a couple weeks of October 12, 2016, Starr County was aware the original plaintiffs had not strictly complied section 89.0041's requirements. Similarly, soon after both sets of intervenors' pleas were filed, Starr County was aware they, too, had not strictly complied section 89.0041's requirements. However, it was not until January 1, 2018, that Starr County filed a motion to dismiss.

The prejudice to appellants is perhaps best stated by Starr County's retained attorney at one of the hearings on the motion to dismiss. In response to the trial judge's question regarding what difference the dismissal would make since appellants could simply refile the lawsuit and provide the requisite notice, the attorney stated:

The big difference, Your Honor, is that the new lawsuit then only covers the statute of limitations two years back from the new lawsuit.

So in other words even if they were to succeed which we don't think they can succeed as a matter of law because of the sovereign immunity argument. But even if they were to succeed, they can only go back 2 years from the date of the second filing which would take them only to — let's say they filed it in May, they would only be able to collect, if they were to succeed, to all the way back to May of 2016. As the Court knows this program ended shortly thereafter.

So the amount of money the County would be out, if we were to lose that issue — and again I think it's absolutely clear that sovereign immunity protects the County from any lawsuit here — the amount of money that they would be able to recover is substantially reduced, uh, if the Court were to grant the motion to dismiss. So, it makes a big difference.

"On these facts, [over one year] of litigation activity to run out the limitations clock betrays the County's too-little, too-late request for dismissal and constitutes waiver." *See id*. at 931. We hold that, to the extent any of appellants' omissions do not constitute substantial compliance with the statute, Starr County waived section 89.0041's mandatory, non-jurisdictional requirements. *See id.*; *see also Crosstex Energy Servs.*, 430 S.W.3d at 391.

## CONCLUSION

The trial court's judgment of dismissal is reversed, and the case is remanded to the trial court for further proceedings.

Luz Elena D. Chapa, Justice