**BRAZORIA COUNTY, Appellant**

v.

**GLENN COLQUITT, Appellee.**

**No. 01–06–00614–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 4, 2007.

Jeri Yenne, Criminal District Attorney, Raethella Jones, Assistant District Attorney, Angleton, TX, for Appellant.

Douglas Travis Gilman, Kurt B. Arnold, Micajah Daniel Boatright, Arnold & Itkin LLP, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

This interlocutory appeal arises from the trial court's order denying Brazoria County's ("the County's") plea to the jurisdiction filed in response to Glenn Colquitt's personal injury suit. In its sole issue, the County argues that the trial court erred in denying its plea because Colquitt failed to establish the jurisdictional facts required to waive governmental immunity under the Texas Tort Claims Act ("TTCA"). We affirm.

### Background

Glenn Colquitt, a technician for Volt Telecom Group ("Volt"), was repairing telephone lines in the second-floor equipment room of the Brazoria County Jail when he fell through the floor and into the women's restroom located below. The composition of the floor in the equipment room changes, at some point, from concrete to ceiling tiles. When Colquitt stepped onto the section consisting only of ceiling tiles, he fell through the ceiling because the tiles were incapable of supporting the weight of his body. Colquitt alleges that he suffered permanent injuries to his hands, fingers, back, heal, foot, and knee as a result of the fall.

Colquitt brought suit against the County to recover damages, alleging negligence, gross negligence, premises liability, and premises liability special defect. The County, arguing that Colquitt failed to plead facts sufficient to establish a waiver of governmental immunity under the TTCA, filed a plea to dismiss the suit for lack of jurisdiction. After hearing argument on the issue and allowing the parties time for additional briefing, the trial court found that (1) Colquitt did not plead any basis for a gross negligence claim, (2) a special defect would not apply to the County, and (3) a fact issue could exist as to whether or not the County exercised ordinary care to protect Colquitt from danger. The trial court then denied the County's plea.

The evidence relevant to the trial court's subject matter jurisdiction is disputed. The County argues that the tiled area had been sectioned off by yellow caution tape in order to warn of the transition from concrete to ceiling tile. To its plea, the County attached the affidavit of Charles Wagner, a Chief Deputy for the Brazoria County Sheriff's Department. Wagner stated that the yellow caution tape was placed around the tiled area when the building was constructed in 1994 and that the tape had remained in place since that time. According to Wagner, in the building's 12–year history, "no one [had] ever reported any injury from falling through the ceiling at the jail, nor [had] there been any complaints involving concerns that someone might fall through the ceiling." The County also attached the affidavit of Brandon Griffin, an employee of the Sheriff's Department, who stated that, when he escorted Colquitt to the equipment room on the day of the incident, he observed the caution tape. A series of four photographs, taken after the incident, showed the placement of the caution tape around the tiled area and the general condition of the equipment room. The County argued that the sum of this evidence led to the conclusion that it did not have actual knowledge of the allegedly dangerous condition, that it exercised ordinary care in warning Colquitt of any potential danger, and that, therefore, Colquitt could not es-

tablish the County's liability for premises defects under the TTCA.

In response, Colquitt argued that the photographs submitted by the County did not accurately reflect the condition of the equipment room on the day he was injured. Specifically, Colquitt alleged by affidavit that there was "no sunlight or artificial illumination in the subject work area" and stated that, it was his belief, that the yellow caution tape was not present at the time he fell, or, alternatively, if it was present, that he was unable to see it as a result of the height at which it was placed and the poor lighting in the area. In addition to his affidavit, Colquitt offered a "Supervisor's Investigation Report" prepared by Jim Chapman, a senior manager at Volt who was in the equipment room with Colquitt at the time he fell. In his report, Chapman indicated that the equipment room "was dark, we had been walking on all concrete floors, [the] drop ceiling was the same level as the concrete floor. There was nothing indicating there was a drop ceiling there. And [Colquitt] did not see it." Chapman further indicated that "[h]ad there been proper lighting or a barrier of some sort, it would not have happened." This evidence, according to Colquitt, was sufficient for purposes of pleading a waiver of sovereign immunity under the TTCA.

### Plea to the Jurisdiction

#### A. Standard of Review

 In this case, we address a plea to the jurisdiction in which disputed evidence implicates both the subject-matter jurisdiction of the trial court and the merits of the case. Whether a trial court has subject-matter jurisdiction is a question of law that is reviewed *de novo*. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004); *Tex. Dep't of Family and Protective Servs. v. Atwood*, 176 S.W.3d 522, 527 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). Where the jurisdictional challenge implicates the merits of the plaintiff's cause of action and relevant evidence is submitted by the parties, the trial court reviews the evidence to determine whether a fact issue exists. *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* at 227–28. The trial court rules on the plea to the jurisdiction as a matter of law, however, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue. *Id.* at 228. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in his favor. *Id.*

#### B. Waiver of Immunity Under the TTCA

 The issue here is whether Colquitt's pleadings invoked the waiver of governmental immunity under sections 101.021 and 101.022 of the TTCA. Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021, 101.022 (Vernon 2005). Generally, the State, its agencies, and its subdivisions enjoy sovereign immunity from tort liability unless that immunity has been waived.[1] *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex.2002). The TTCA provides a limited waiver of sovereign immunity in three general areas: (1) injury caused by an employee's operation or use of a motor-driven

---

1. In the absence of a showing of waiver, the County would be immune from suit as a "governmental unit." The term "governmental unit" is defined by the TTCA to mean "a political subdivision of this state, including any city, county. . . ." Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (Vernon 2005).

vehicle or motor-driven equipment; (2) injury caused by a condition or use of tangible personal or real property; and (3) injury caused by premise defect. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.022(a); *Brown*, 80 S.W.3d at 554. A plaintiff bears the burden of establishing a waiver of immunity under the TTCA. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003).

■ Both parties in the instant appeal agree that the injuries raised in Colquitt's pleadings were the result of an alleged premise defect, and they have briefed the issue accordingly. With respect to premise defects, the TTCA limits the governmental duty owed a claimant to "the duty that a private person owes to a licensee on private property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a) (unless the claimant pays for the use of the premises); *see also State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974); *Atwood*, 176 S.W.3d at 532. This duty entails a responsibility not to injure the licensee through willful, wanton, or grossly negligent conduct. *State Dep't of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992); *Atwood*, 176 S.W.3d at 532. It further entails a responsibility to "use ordinary care to either warn the licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Payne*, 838 S.W.2d at 237.

■ Because the trial court found that Colquitt had not pleaded any basis for a gross negligence claim and because neither party complains of that finding on appeal, we need not address whether Colquitt's injuries were the result of the County's willful, wanton, or grossly negligent conduct. Rather, we turn our attention to the second application of the governmental duty owed and ask whether the pleadings and evidence submitted here create a fact

issue as to whether the County breached its duty to exercise ordinary care to warn of, or to make reasonably safe, the dangerous condition presented by the ceiling tiles in the equipment room. To establish a breach of this duty, a licensee must show that: (1) a condition of the premises created an unreasonable risk of harm; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; and (5) the owner's failure was the proximate cause of injury to the licensee. *Id.*

In this case, the elements attacked by the County in its plea to the jurisdiction are those of (1) the County's actual knowledge of the dangerous condition and (2) its alleged failure to exercise ordinary care to protect Colquitt from that danger. The County argues, under the authority of *City of Houston v. Harris*, 192 S.W.3d 167 (Tex.App.-Houston [14th Dist.] 2006, no pet.), that actual knowledge may be shown only where the premise owner has received reports of prior injuries or reports of the potential danger presented by the condition. In *Harris*, an injured zoo patron brought a premise defect suit against the City of Houston under the TTCA after he partially severed a finger on a metal elephant statue at the zoo. *Id.* at 169. The City filed a plea to the jurisdiction, arguing that the plaintiff had failed to plead a claim under the TTCA. *Id.* The Fourteenth Court of Appeals noted that, in the plea to the jurisdiction, "the City introduced evidence that it had no knowledge of prior accidents or complaints involving the statue. In response, plaintiffs did not controvert the City's evidence or *otherwise demonstrate the existence of a fact issue relating to the City's knowledge.*" *Id.* at 175 (emphasis added). The court dismissed the suit for lack of jurisdiction

because the plaintiff's failed to meet their burden to show that there was a disputed question of material fact regarding the jurisdictional issue of the City's knowledge. *Id.* at 175–76.

■ The County's reliance on *Harris* is misplaced.[2] Here, the County's own evidence creates a fact issue regarding its knowledge of the danger posed by the condition of the floor. As stated in the Wagner affidavit, yellow caution tape was placed around the ceiling tiles when the building was constructed in 1994. That tape has remained in place since that time. This constitutes some evidence that the County actually knew the ceiling tiles presented some danger to persons working in the equipment room. Given that this fact issue was raised, it would have been improper for the trial court to grant the County's plea on the grounds that Colquitt failed to plead facts concerning the requisite element of actual knowledge.

Similarly, the evidence pertaining to the County's exercise of ordinary care to warn of the condition, or to make it reasonably safe, creates an issue of fact. The placement of yellow caution tape around the ceiling tiles is evidence that the County took some precautionary steps to warn of the condition. This evidence, however, is controverted by Colquitt's affidavit, stating that, it was his belief, that the tape was not present at the time he fell, or, alternatively, if it was present, that he was unable to see it as a result of the height at which it was placed and the poor lighting in the area. Colquitt also asserts that it would have been reasonable for the County to provide him with an escort while he was working in the equipment room. In light of these assertions, it cannot be said that the evidence of the County's exercise of ordinary care fails to raise a fact issue or is undisputed.

In sum, Colquitt's pleadings and the evidence submitted by the parties create questions of fact regarding the County's knowledge and exercise of ordinary care in this case. Because these questions of fact are pertinent to the jurisdictional issue, the trial court did not err in denying the County's plea to the jurisdiction.

Accordingly, we affirm the order of the trial court.

---

**2.** The County also directs us to our holding in *Rice Food Market, Inc. v. Hicks* as support for its argument that actual knowledge may be shown only where there is a history of prior injuries or prior reports of the potential for injury. 111 S.W.3d 610 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). Like *Harris*, however, *Hicks* is inapplicable to the instant facts. In *Hicks*, a store patron was injured when a sign fell and struck her. In its discussion of the store's actual knowledge, a panel of this Court wrote, that

[t]here [was] no evidence that the sign had ever fallen down before ..., and a Rice representative testified that he knew of no similar incident. Moreover, there is no evidence in the record that the sign was a dangerous condition from the moment it was installed. Therefore, there is no evidence that Rice had actual knowledge that the sign ... posed an unreasonable risk of harm.

*Id.* at 613. While there appears to be no evidence that anyone had previously fallen through the tiled area of the equipment room floor, the placement of the yellow caution tape is at least some evidence that the tiled floor constituted a dangerous condition when it was installed. As such, *Hicks* does not support the argument the County makes here.