Glenn COLQUITT, Petitioner,

v.

BRAZORIA COUNTY, Respondent.

No. 09–0369.

Supreme Court of Texas.

Oct. 1, 2010.

Rehearing Denied Dec. 3, 2010.

---

James T. Liston, Marc Evan Kutner, Spagnoletti & Co., Houston TX, Brenton Joel Allison, Douglas Travis Gilman, Gilman & Allison LLP, Pearland TX, for Petitioner.

Raethella Jones, Brazoria County District Attorney's Office, Jerilynn Yenne, Criminal District Attorney, Angleton TX, for Respondent.

Andrew T. McKinney, McKinney & Cooper, L.L.P., Houston TX, for Fluor Daniel Corp.

Mary M. Markantonis, Dean Pappas & Associates, Houston TX, for Amicus Curiae American Home Insurance.

PER CURIAM.

■ The Texas Tort Claims Act requires that a governmental unit obtain notice of a claim against it within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM.CODE § 101.101. We have construed this provision as entitling a governmental unit to formal, written notice of a claim within six months of the incident unless it has actual notice. *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 339 (Tex.2004) (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995)) (per curiam). This written notice "must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." TEX. CIV. PRAC. & REM.CODE § 101.101(a).

■ The issue in this case is whether the lawsuit itself, served on the governmental unit within six months of the incident and containing all the requisite information, constitutes proper notice under the Act. The court of appeals concluded it did not and dismissed the case. 282 S.W.3d 582, 587. We conclude that it does and, accordingly, reverse and remand to the trial court.

Glen Colquitt was injured in a fall while working for a private contractor at the Brazoria County jail. Within two months of his accident, Colquitt filed suit against Brazoria County alleging negligence and premises liability. Colquitt served the County with his petition, but he did not otherwise provide separate written notice of his claim.

About two years later, the County filed a plea to the jurisdiction, contending that Colquitt's failure to provide written notice deprived the trial court of jurisdiction under the Tort Claims Act. The trial court disagreed and denied the County's plea. The County elected to take an interlocutory appeal rather than proceed to trial.[1] In that appeal, the court of appeals agreed with the County, reversing the trial court's interlocutory order and rendering judgment that Colquitt's lawsuit be dismissed. 282 S.W.3d 582, 587. The court reasoned that section 311.034 of the Code Construction Act modified the notice provisions of the Tort Claims Act, creating a jurisdictional requirement that formal or actual notice precede the filing of any lawsuit against the governmental unit, even those lawsuits filed within six months of the injury-producing incident. *Id.* (citing TEX. GOV'T CODE § 311.034).[2]

· ■ This is an interlocutory appeal over which we have limited jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(a)(8) (authorizing an appeal from

1. This is the second interlocutory appeal in this case. In the previous appeal, the County argued that Colquitt failed to plead facts sufficient to establish a waiver of governmental immunity under the Tort Claims Act. The court of appeals concluded that the trial court had properly denied the County's jurisdictional challenge because it implicated the merits of the underlying cause of action. *See Brazoria Cnty. v. Colquitt*, 226 S.W.3d 551 (Tex. App.-Houston [1st Dist.] 2007, no pet.)

2. § 311.034. **Waiver of Sovereign Immunity**
   In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of

sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. *Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.*

TEX. GOV'T CODE § 311.034 (emphasis added). The highlighted language was added to the statute in 2005.

an order denying a governmental unit's plea to the jurisdiction). Our appellate jurisdiction generally extends only to final judgments that dispose of all parties and issues in the case. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). Interlocutory orders are typically not appealable, and those that can be appealed ordinarily go no further than the court of appeals unless there is a dissent or conflict. *See* TEX. GOV'T CODE § 22.225(b)(3), (c). Here, we have a conflict, *see Cavazos v. City of Mission*, 797 S.W.2d 268, 271 (Tex.App.-Corpus Christi 1990, no writ), but even if that were not the case, we would have appellate jurisdiction to review the court of appeals' judgment because its disposition of the case on jurisdictional grounds is a final judgment. *Hoff v. Nueces Cnty.*, 153 S.W.3d 45, 47 n. 1 (Tex. 2004) (per curiam); *see also Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex.2010) (noting that this Court always has jurisdiction to determine whether court of appeals correctly applied its jurisdiction).

In *Cavazos*, the court of appeals held that a lawsuit, served on the governmental unit within six months of the incident, constituted actual notice under the Tort Claims Act. *Cavazos*, 797 S.W.2d at 271. Formal notice is not required when the government has obtained timely actual notice of the incident. *See* TEX. CIV. PRAC. & REM.CODE § 101.101(c). The court accordingly reversed the government's summary judgment based upon the claimant's failure to give notice and remanded the case for trial. *Id.* The County argues that *Cavazos* is distinguishable because it predates the 2005 amendment to the Code Construction Act that now makes statutory prerequisites to suit, such as notice, jurisdictional. *See* TEX. GOV'T CODE § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). The County contends

then that the County had to have actual or formal notice of the incident before Colquitt filed his lawsuit, even though Colquitt filed the suit within the Tort Claims Act's six-month notice period. *See* TEX. CIV. PRAC. & REM.CODE § 101.101. The court of appeals agreed, holding that the 2005 amendment to section 311.034 also operated to amend the Tort Claims Act's notice provision, making "pre-suit notice of a claim under the Texas Tort Claims Act [ ] jurisdictional." 282 S.W.3d at 587. We disagree.

The Tort Claims Act's notice provision provides in pertinent part:

§ 101.101.  **Notice**

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident.

(b) * * *

(c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

TEX. CIV. PRAC. & REM.CODE § 101.101. In *University of Texas Southwestern Medical Center at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 364 (Tex.2004), we concluded that this notice provision, while mandatory and a potential bar to any action under the Tort Claims Act, was not a condition of the Act's waiver of immunity. After our decision in *Loutzenhiser*, the Legislature amended section 311.034 of the Code Construction Act to make notice, and other

statutory prerequisites, jurisdictional, that is, a condition of the Act's waiver of immunity from suit. *See* Act of June 1, 2005, 79th Leg., R.S. ch. 1150, 2005 Tex. Gen. Laws 3783 (adding the last sentence to TEX. GOV'T CODE § 311.034).

Before this amendment, a failure to comply with the Tort Claims Act's mandatory notice requirement resulted in a bar to liability; after the amendment, a similar failure operated to preserve the government's immunity. In other words, the 2005 amendment to section 311.034 changed the character of the government's defense from a plea in bar to a plea to the jurisdiction, making the Tort Claims Act's six-month notice requirement a condition for the governmental unit's waiver of immunity from suit under the Act. The court of appeals, however, takes the analysis one step further, suggesting that the amendment also potentially shortened the Tort Claims Act's notice period by requiring that notice precede the lawsuit's physical filing without regard to whether section 101.101's six-month notice period had expired.

█ While we agree that section 311.034 of the Code Construction Act makes compliance with the notice provisions jurisdictional, *City of Dallas v. Carbajal,* 324 S.W.3d 537, 537–38 (Tex.2010), we do not agree that the former otherwise modifies or changes the latter. Section 311.034 is not a notice provision; it does not express any particular period for notice different from that in the Tort Claims Act. It merely states that statutory prerequisites to suit, like notice, are jurisdictional. Thus, the notice requirement of the Tort Claims Act is a statutory prerequisite to the government's immunity waiver and is, according to the Code Construction Act, now jurisdictional.

█ The Tort Claims Act, however, does not require that notice be given before filing suit. It requires instead that the government obtain notice within six months of the incident. TEX. CIV. PRAC. & REM.CODE § 101.101. As a practical matter, pre-suit notice may be required if the lawsuit is filed more than six months after the incident. But when as here the lawsuit is filed a mere 55 days after the incident, imposing a pre-suit notice requirement is contrary to the text of section 101.101, which aims "to ensure a prompt reporting of claims to enable the [government] to investigate while facts are fresh and conditions remain substantially the same." *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981). The notice provision also aids the government in the management and control of its finances and property. *Artco–Bell Corp. v. City of Temple,* 616 S.W.2d 190, 192 (Tex.1981); *see also* TEX. GOV'T CODE § 311.034. Serving a lawsuit within the six-month notice period satisfies the Act's notice requirements by alerting the government of the need to investigate.

The court of appeals accordingly erred in reading Texas Government Code section 311.034 and Texas Civil Practice and Remedies Code section 101.101 together to impose pre-suit notice as a condition to the government's waiver of immunity under the circumstances here. The Tort Claims Act does not require pre-suit notice when the claimant's lawsuit provides all the requisite information and is served within six months of the incident. Because the suit here provided the requisite notice under section 101.101, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings. TEX.R.APP. P. 59.1.