**AFFIRM; and Opinion Filed November 18, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01143-CV

**CLINTON ADAMS, Appellant**
**V.**
**CITY OF DALLAS, TEXAS, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-00321-B**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Schenck

In a single issue, Clinton Adams appeals the trial court's decision to grant a plea to the jurisdiction. We affirm the trial court's order. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND FACTS

On July 28, 2011, Adams was involved in a car accident with Adeba Ghebrekidan. Both Adams and Ghebrekidan maintain the accident was caused by an allegedly malfunctioning traffic signal. On January 10, 2012, Ghebrekidan sued both Adams and the City of Dallas ("City"). On January 30, 2012, Adams filed his counterclaim against Ghebrekidan and his cross-claim against the City. That same day, Adams served the City.

The City filed a plea to the jurisdiction in which it contended it was immune from Adams's suit because he did not provide the City with timely written notice of his personal-

injury claim and because the City did not have actual notice of his personal-injury claim as required under the Texas Tort Claims Act ("TTCA"). The trial court granted the plea, dismissing all of Adams' claims against the City.

<strong>DISCUSSION</strong>

## I.      Standard of Review

Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject-matter jurisdiction is a question of law. *Id.* at 226. Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction is a question of law reviewed *de novo*. *Id.* When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, leaving the issue to be resolved by the fact finder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## II.     Applicable Law

Statutory-notice provisions are jurisdictional requirements in all suits against governmental entities. TEX. GOV'T CODE ANN. § 311.034 (West 2013). The TTCA requires notice as a prerequisite to bring suit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (West 2014). Section 101.101(a) provides that a governmental unit is entitled to receive notice of a claim against it not later than six months after the day the incident giving rise to the claim occurred. *Id.* § 101.101(a). Section 101.101(b) ratifies and approves a city's charter and

ordinance provisions requiring notice within a charter period permitted by law. *Id.* § 101.101(b). Section 101.101(c) provides that the notice requirements do not apply if the governmental unit has actual notice that the claimant has received some injury. *Id.* § 101.101(c).

### III.    Application of Law to Facts

In his sole issue on appeal, Adams argues he provided proper notice to the City and that the City had actual notice of his claims. The City responds it did not receive written notice of his personal-injury claim within six months of the car accident as required by the TTCA, the Dallas City Code, and the Dallas City Charter. Attached to the City's plea were the notice provisions in the Dallas City Code and Dallas City Charter, which require claims against the City to be filed with the office of risk management within six months after the injury was received. DALLAS, TEX., CODE § 2-81 (1997); DALLAS, TEX., CHARTER ch. XXIII, § 2 (1991). The City urges that because Adams did not comply with the written-notice provisions under subsections (a) or (b) of section 101.101, he was required to show the City had actual notice of his claim under subsection (c), which it asserts Adams failed to do.

We first address whether Adams provided proper notice to the City under subsections (a) or (b) of section 101.101. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a), (b). The record includes a copy of a letter to the City, notifying the City of Adams's intention to sue the City for injuries sustained due to the alleged malfunction of the traffic signal. While the copy of the letter is dated January 27, there is no affirmative proof that the original was sent to the City.[1] Because the accident took place July 28, 2011, the TTCA, the Dallas City Code, and the Dallas City Charter required Adams to provide written notice to the City by January 28, 2012. Even assuming the letter was actually sent on January 27, 2012, Adams did not provide any evidence

---

[1] The letter is dated January 27, 2011. Since this date was before the accident took place, we assume for the sake of argument that the date was actually January 27, 2012.

the City actually received the letter on or before January 28, 2012. According to the plain language of the TTCA, it is the date that the City receives notice—not when the claimant sends notice—that is controlling. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a) ("A governmental unit is entitled to receive notice of a claim against it . . . ."). Additionally, there is no evidence the claim was filed with the City's office of risk management. DALLAS, TEX., CODE § 2-81; DALLAS, TEX., CHARTER ch. XXIII, § 2. Therefore, there is no fact issue regarding whether the City received notice under subsections (a) or (b) of section 101.101. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a), (b).

We next address whether there is any evidence that the City had actual notice of Adams' injuries. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c). Adams maintains the City had actual notice of his claim, pointing to the City's participation in a deposition on January 24, 2013, approximately eighteen months after the car accident and nearly a year after Adams filed his cross-claim against the City. The City responds that any knowledge the City may have received concerning Adams's personal injury after his lawsuit was filed and after the expiration of the six-month deadline does not satisfy the TTCA's requirements. We agree.

The TTCA requires the City receive notice or the claimant file and serve his lawsuit against the City within six months of the incident giving rise to the claim. *Colquitt v. Brazoria Cty.*, 324 S.W.3d 539, 543 (Tex. 2010) (per curiam) (holding that the TTCA does not require pre-suit notice when the claimant's lawsuit provides all the requisite information and is served within six months of the incident); *see also Martinez v. Val Verde Cty. Hosp. Dist.*, 140 S.W.3d 370, 371 (Tex. 2004) ("The [TTCA] requires that a governmental unit receive notice of any claim against it within six months of the incident giving rise to the claim *unless it already has actual notice*.") (emphasis added). Adams's suit against the City was not filed and served within six months of the car accident, and the record contains no evidence the City had actual notice of

–4–

his injuries within six months of the car accident. Accordingly, there is no fact issue regarding whether the City received notice under subsections (c) of section 101.101. TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(c). We conclude the trial court did not err in granting the City's plea to the jurisdiction.

## CONCLUSION

We affirm the trial court's order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

141143F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CLINTON ADAMS, Appellant

No. 05-14-01143-CV        V.

CITY OF DALLAS, TEXAS, Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-00321-B.
Opinion delivered by Justice Schenck, Justices Lang-Miers and Brown participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITY OF DALLAS, TEXAS, recover its costs of this appeal from appellant CLINTON ADAMS.

Judgment entered this 18th day of November, 2015.