**Affirmed and Memorandum Opinion filed August 18, 2020.**



**In the**

## Fourteenth Court of Appeals

### NO. 14-18-00822-CV

**METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS, Appellant**

**v.**

**BRIDGET HUNTER, Appellee**

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2017-25424**

### MEMORANDUM OPINION

Appellant Metropolitan Transit Authority of Harris County, Texas (Metro) appeals the trial court's interlocutory denial of its plea to the jurisdiction, arguing that appellee Bridget Hunter's personal-injury lawsuit is jurisdictionally barred because Hunter failed to provide proper notice of suit as required by the Texas Tort

Claims Act.[1] We affirm.[2]

The State of Texas, its agencies, and its subdivisions generally have immunity from suit and from liability unless that immunity has been waived. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). The Tort Claims Act provides, among other waiver provisions, that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). To invoke a Tort Claims Act waiver, a claimant must give a governmental unit the following notice of a claim:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>> (1) the damage or injury claimed;
>> (2) the time and place of the incident; and
>> (3) the incident.

*Id.* § 101.101(a). Failure to give notice pursuant to the Act requires dismissal of the suit against the governmental unit for lack of subject-matter jurisdiction. *See* Code Construction Act, Tex. Gov't Code Ann. § 311.034.

Metro filed a plea to the jurisdiction asserting that Hunter failed to meet the Tort Claims Act's notice requirements, thereby barring her personal-injury suit on jurisdictional grounds. We review the trial court's ruling on a plea to the

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109.

[2] We have jurisdiction over this interlocutory appeal pursuant to Civil Practice and Remedies Code section 51.014(a)(8). Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When the plea to the jurisdiction challenges the existence of jurisdictional facts, "we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *Id.* at 227. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228 (explaining that "this standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)").

Metro does not dispute that Hunter's first amended petition was filed within the six-month window for providing notice and makes allegations against Metro. *See Colquitt v. Brazoria Cty.*, 324 S.W.3d 539, 541 (Tex. 2010) (lawsuit may constitute proper formal notice provided it is timely served and contains all information required by section 101.101(a)). Metro, however, contends the allegations in the petition fail to provide the required information sufficient for notice under the Tort Claims Act. Hunter's petition states, in relevant part:

> 8.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about February 20, 2017.
>
> 9.     Defendant METRO is a governmental unit that employed a bus driver who is not a party to this lawsuit. At the time of Plaintiff's injury, this bus driver was driving bus route 028 within the course and scope of employment for Defendant METRO. Plaintiff was picked up at Stop Id: 12198 approximately at 8:30 A.M. on February 20, 2017.
>
> 9. [sic] At that time, Plaintiff was traveling on a bus in Harris County, Texas. After Plaintiff boarded the bus, she slipped and fell on a watery substance twice. Subsequently, the bus driver negligently continued driving after seeing that Plaintiff had fallen. As a result of the bus driver['s] negligence and/or negligence *per se*, Plaintiff suffered serious personal injuries.

Regarding (1) the damage or injury claimed, the petition, as quoted above, alleges that Hunter "suffered serious personal injuries," and also seeks damages.

3

These statements are sufficient to satisfy the first prong of section 101.101(a). Tex. Civ. Prac. & Rem. Code § 101.101(a)(1); *see City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 860 (Tex. App.—Fort Worth 2010, pet. denied) (letter alleging claimants sustained "personal injuries and other damages" sufficient to meet first prong of notice requirement).

Regarding (2) the time and place of the incident and (3) the incident, the petition states that Hunter sustained her personal injuries on February 20, 2017, on a bus in Harris County, Texas. The petition further elaborates, "At the time of Plaintiff[']s injury, this bus driver was driving bus route 028 within the course and scope of employment for Defendant METRO. Plaintiff was picked up at Stop Id: 12198 approximately at 8:30 A.M. on February 20, 2017." This language reasonably describes the date and time of the incident. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a)(2); *see Jenkins*, 307 S.W.3d at 859–60. The petition continues, "After Plaintiff boarded the bus, she slipped and fell on a watery substance twice. Subsequently, the bus driver negligently continued driving after seeing that Plaintiff had fallen." This language reasonably describes the incident itself. Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a)(3); *see Jenkins*, 307 S.W.3d at 859–60.

The supreme court recently stated that "[p]rompt notice allows 'governmental units to expeditiously undertake remedial measures that may be required to protect the public' and 'advances fundamental immunity underpinnings by allowing governmental units an opportunity to defend against tort claims and allocate resources to resolve potentially meritorious claims.'" *Reyes v. Jefferson Cty.*, 601 S.W.3d 795, 797–98 (Tex. 2020) (per curiam) (quoting *Worsdale v. City of Killeen*, 578 S.W.3d 57, 59 (Tex. 2019)). Hunter's first amended petition provides sufficient information to satisfy these objectives.

We overrule Metro's issue and affirm the trial court's order denying Metro's plea to the jurisdiction.



/s/     Charles A. Spain
         Justice


Panel consists of Justices Zimmerer, Spain, and Hassan.