**Affirmed and Memorandum Opinion filed July 15, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00477-CV

## CHRISTOPHER BRANCH, Appellant

## V.

## FORT BEND COUNTY, Appellee

**On Appeal from the 434th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 18-DCV-253619**

## MEMORANDUM OPINION

In this appeal, Christopher Branch challenges the trial court's grant of a plea to the jurisdiction based on governmental immunity in favor of Fort Bend County. He contends the trial court erroneously granted the plea because the County had notice of his injury, and he should therefore be entitled to proceed with his personal injury claim under the Texas Tort Claims Act against the County. Concluding the trial court did not err when it granted the County's plea to the jurisdiction, we affirm.

## BACKGROUND

Branch sued the County on July 31, 2018. He alleged in his original petition that, while he was an inmate at the Fort Bend County Jail on August 1, 2016, he "slipped and fell on the hard concrete floor directly outside of his jail cell, landing awkwardly on his back and also hitting his head." Branch alleged his "fall was caused by a puddle of water on the floor which was a result of a burst pipe in the facility that Fort Bend County personnel failed to diagnose and then subsequently cure." He alleged that he discovered after his release from jail that "he had several herniated discs as well as a detached retina among other sprains, strains and injuries." Before filing suit, Branch sent the County a letter on April 21, 2017, wherein he provided written notice "pursuant to Texas Civil Practice and Remedies Code Section 101.0215(a)(7)" that he asserted a personal injury claim against the County based on the injury of August 1, 2016.

The County filed an original answer on August 10, 2018, asserting a general denial and contending that governmental immunity barred Branch's claim against the County because he failed to provide the County with the statutorily required written notice of any alleged claim. On January 14, 2019, the County filed its plea to the jurisdiction, arguing it did not receive formal notice of Branch's claim within six months as required by the Texas Tort Claims Act ("TTCA") and its governmental immunity was therefore not "waived by the express provisions of the TTCA." The County attached the affidavit of its Risk Claims Administrator, Sarah Dubay, in which she averred that neither she nor "anyone with the County" was aware "of any notice provided to the County regarding a claim by Christopher Branch until [she] received a claim letter" dated April 21, 2017.

Branch did not file a response to the County's plea. Instead, he filed several

2

pages of what appear to be his inmate medical records[1] (1) showing when he was seen by medical personnel, including mental health providers, and (2) containing summaries of his complaints, including mental health concerns, headaches, dental problems, "black dots" in his left eye, blurred vision, and back, shoulder and neck pain. The trial court signed an order granting the County's plea to the jurisdiction on May 16, 2019, that dismissed all claims Branch asserted against the County, the sole defendant, creating a final judgment. Branch timely filed a timely notice of appeal.

## ANALYSIS

On appeal, Branch contends the trial court erroneously granted the plea to the jurisdiction because the County had actual notice of his injury and "thereby had notice of the future claim."

## I.    Governmental Immunity and Notice Requirement under the TTCA

Governmental immunity protects political subdivisions of the state, such as counties, from suit and liability. *Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018); *see also Hillman v. Nueces Cty.*, 579 S.W.3d 354, 357 (Tex. 2019). The TTCA waives governmental immunity for negligent acts in certain circumstances, including for personal injury. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, .022. To secure the TTCA's limited waiver of governmental immunity, a claimant must provide a "notice of a claim" to the governmental unit not later than six months after the day that the incident giving rise to the claim occurred. *Id*. §§ 101.025, .101; *Reyes v. Jefferson Cty.*, 601 S.W.3d 795, 797 (Tex. 2020) (per curiam). Formal notice must reasonably describe the injury, the time and place of the incident, and the incident itself. Tex. Civ. Prac. & Rem. Code Ann. §

---

[1] The inmate records encompass the time period from August 1, 2016 to December 19, 2016.

3

101.101(a).

Prompt notice allows "governmental units to expeditiously undertake remedial measures that may be required to protect the public" and "advances fundamental immunity underpinnings by allowing governmental units an opportunity to defend against tort claims and allocate resources to resolve potentially meritorious claims." *Worsdale v. City of Killeen*, 578 S.W.3d 57, 59 (Tex. 2019); *see also Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). Notice is a prerequisite to subject matter jurisdiction under the TTCA. *Worsdale*, 578 S.W.3d at 66. The failure to provide notice under section 101.101 requires dismissal of a suit for lack of jurisdiction because the Texas legislature has determined that the TTCA's notice requirement is jurisdictional in nature. *See* Tex. Gov't Code Ann. § 311.034 ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *see Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 548 (Tex. 2010) ("[T]he purported failure to provide notice would deprive the trial court of jurisdiction[.]").

Formal written notice is not required, however, when the governmental unit "has actual notice" that "the claimant has received some injury." Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c). Mere knowledge that an incident has occurred, however, is not enough to establish actual notice. *Cathey*, 900 S.W.2d at 341; *Univ. of Tex. Health Sci. Ctr. at Houston v. McQueen*, 431 S.W.3d 750, 755 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Under the TTCA, actual notice to a governmental unit requires the governmental unit's: (1) knowledge of a death, injury, or property damage; (2) subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed death, injury, or property damage; and (3) knowledge of the identity of the parties involved.

4

*Reyes*, 601 S.W.3d at 798; *Cathey*, 900 S.W.2d at 341.

In other words, the governmental unit must have knowledge that amounts to the same notice to which it is entitled under section 101.101(a), which "includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury." *Arancibia*, 324 S.W.3d at 548-49; *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347 (Tex. 2004). Fault, as it pertains to actual notice, is not synonymous with liability; instead, it implies responsibility for the alleged injury. *Arancibia*, 324 S.W.3d at 550. Thus, actual notice means the governmental unit is subjectively aware that it may be responsible for the death, injury, or property damage in the manner the claimant ultimately alleged. *Reyes*, 601 S.W.3d at 798; *Worsdale*, 578 S.W.3d at 77. This is a fact-based inquiry that courts may determine as a matter of law when the facts are undisputed. *Worsdale*, 578 S.W.3d at 77.

## II.     Plea to the Jurisdiction

An assertion of governmental immunity implicates a court's subject matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction. *Annab*, 547 S.W.3d at 613; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). A plea questioning the trial court's jurisdiction raises a question of law that is reviewed *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). A plea to the jurisdiction can challenge either the pleadings or the existence of jurisdictional facts. *See Miranda*, 133 S.W.3d at 226-27; *City of Houston v. Ranjel*, 407 S.W.3d 880, 887 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226; *see also Worsdale*, 578 S.W.3d at 66.

When a plea to the jurisdiction challenges a plaintiff's pleadings, the

determination pivots on whether the pleader has alleged sufficient facts to demonstrate the court's subject matter jurisdiction over the matter. *Miranda*, 133 S.W.3d at 226-27. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Annab*, 547 S.W.3d at 612-13; *City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). A plea to the jurisdiction may be granted without allowing amendment if the pleading affirmatively negates the existence of jurisdiction. *Miranda*, 133 S.W.3d at 227.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when those facts may implicate the merits of the cause of action. *Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227. If the evidence creates a fact issue as to the jurisdictional issue, then it is for the factfinder to decide. *Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227-28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 228. In considering this evidence, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 228.

Because the statutory prerequisite of notice to suit against a governmental unit under the TTCA is a jurisdictional requirement, it is properly asserted by the County in its plea to the jurisdiction. *See Arancibia*, 324 S.W.3d at 546; *Colquitt v. Brazoria Cty.*, 324 S.W.3d 539, 543 (Tex. 2010) (per curiam) (failure to meet section 101.101's notice requirement operates to preserve the government's immunity); *McQueen*, 431 S.W.3d at 756. Although actual notice may constitute a fact question when the evidence is disputed, it can be determined as a matter of law

if the pertinent facts are uncontested. *Worsdale*, 578 S.W.3d at 66 ("Often, however, actual notice can be determined as a matter of law, even when subjective awareness must be proved, if at all, by circumstantial evidence.") (internal quotation omitted); *Simons*, 140 S.W.3d at 348 ("In many instances, however, actual notice can be determined as a matter of law.").

### III.   Lack of Formal and Actual Notice

In its plea to the jurisdiction, the County argued that Branch failed to provide formal written notice of his claim within six months as required by the TTCA and, therefore, its governmental immunity was not waived and the trial court lacked subject matter jurisdiction. The County provided undisputed evidence establishing as a matter of law that Branch did not give formal notice within six months after the day of the incident giving rise to his alleged claim; Branch fell on August 1, 2016, but sent his formal notice to the County on April 21, 2017. Branch does not dispute that he failed to provide timely formal notice as required by TTCA's section 101.101(a). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a).

Instead, Branch for the first time on appeal contends that the undisputed evidence as a matter of law establishes the County had actual notice of his claim. Branch points to the following evidence to support his contention:   (1) he was injured on August 1, 2016, when he fell at the County jail; and (2) he was treated for pain resulting from his fall by County jail staff as documented in the incident report and his inmate medical records. According to Branch, the County "was aware" of his injury because it happened while he was under County supervision, his fall was reported and recorded, and County "staff at least attempted to treat" him.

Contrary to Branch's assertion, there is no evidence that the County had

7

actual notice of his claim. We note that the Texas Supreme Court has rejected an interpretation of actual notice that would require only that a governmental unit have knowledge of an injury, as Branch seemingly advocates. *See Worsdale*, 578 S.W.3d at 63; *Arancibia*, 324 S.W.3d at 548; *Cathey*, 900 S.W.2d at 341. Rather, actual notice requires that the governmental unit has subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury. *Reyes*, 601 S.W.3d at 798; *Worsdale*, 578 S.W.3d at 63; *Arancibia*, 324 S.W.3d at 548.

Here, the record demonstrates there is no evidence suggesting the County was subjectively aware of its fault, as ultimately alleged by Branch, in producing or contributing to his claimed injury. Nothing in the incident report or his inmate medical records[2] shows that the County was subjectively aware it might be responsible for Branch's alleged injury. *See City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775, 778 (Tex. 2018) ("[T]he crash report's listing 'Fleeing or Evading Police' as a contributing factor to the collision does not raise a fact issue as to whether the City was at fault in causing it. . . . [And] nothing in the crash report, witness statements, or case report indicate, either expressly or impliedly, that the SAPD subjectively believed its officers acted in error by initiating or continuing the pursuit such that they were in some manner responsible for the injuries."); *City of Dallas v. Carbajal*, 324 S.W.3d 537, 539 (Tex. 2010) ("[M]erely investigating an accident is insufficient to provide actual notice. The report only describes what apparently caused the accident (missing barricades). It does not say who failed to erect or maintain the barricades. Simply put, the police

---

[2] The August 1, 2016 incident report provides that Branch (1) stated he slipped and fell, (2) was transported to the infirmary and assessed, and (3) was treated with Ibuprofen. The inmate medical records (1) show the dates Branch saw medical personnel, and (2) contain summaries of his complaints, such as, headaches, "black dots" in his left eye, blurred vision, and back, shoulder and neck pain.

report here is no more than a routine safety investigation, which is insufficient to provide actual notice."); *Simons*, 140 S.W.3d at 347-48 ("It is not enough that a governmental unit should have investigated an incident as a prudent person would have, or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault."). Further, there is no evidence that there was any investigation conducted with regard to Branch's fall and injury to show that the County was subjectively aware it may be responsible for Branch's injury. *See Worsdale*, 578 S.W.3d at 67, 77 ("City of Killeen officials from key departments participated in the investigation of the motorcycle accident, including engineering, street works, and legal[;] . . . the City knew its investigators concluded that the condition of the road under its putative jurisdiction contributed to the deaths of the travelers.").

Because the record contains no evidence that the County was subjectively aware of any fault, as ultimately alleged by Branch, in producing or contributing to his claimed injury, we reject Branch's argument that the evidence demonstrates the County had actual notice of his claim. Accordingly, we overrule Branch's issue.

## CONCLUSION

We affirm the trial court's final judgment granting the County's plea to the jurisdiction.

/s/ Meagan Hassan
Justice

Panel consists of Justices Spain, Hassan, and Poissant.

9