# Supreme Court of Texas

No. 21-0606

Leondra Leach,
*Petitioner*,

v.

The City of Tyler,
*Respondent*

On Petition for Review from the
Court of Appeals for the Twelfth District of Texas

**PER CURIAM**

In this personal-injury case arising under the Texas Tort Claims Act, Leondra Leach alleged that an improperly secured piece of lumber flew off a truck owned by the City of Tyler and struck him in the head. The City contended that the trial court had no jurisdiction because Leach had failed to provide the City with timely notice of his claim. The trial court agreed and granted summary judgment in favor of the City; the court of appeals affirmed. We hold that the City had sufficient notice and that the trial court's jurisdiction was secure. We therefore reverse the judgment below and remand to the trial court.

Leach was allegedly injured when he was driving a truck for his

employer, Ameri-Tex Services. Ameri-Tex's truck also sustained damage to its side-mirror. Under Texas law, a governmental entity must "receive notice of a claim against it" within six months of the alleged injury. TEX. CIV. PRAC. & REM. CODE § 101.101(a). City charters and ordinances sometimes include separate notice requirements, which the Legislature has "ratified and approved." *Id.* § 101.101(b). The City of Tyler's charter requires notice of tort claims within thirty days. *See* TYLER, TEX., CHARTER, art. IX § 79 (1990). The City has promulgated a "Claims Notice" form that a claimant may submit to comply with the city charter's requirement. Ameri-Tex completed and filed that form seven days after the incident. Ameri-Tex told Leach that it would file a single notice both for itself and for Leach, so Leach himself filed nothing with the City during the thirty-day period that the city charter allows.

The dispute before us is whether the notice that the City received is sufficient, both under Section 101.101(a) and the city charter, to preserve Leach's right to pursue his tort claim. The court of appeals concluded that the notice provided in the form that Ameri-Tex filed was inadequate under Section 101.101(a) and did not separately examine whether the notice met the city charter's requirements. __ S.W.3d __, 2021 WL 2371417, at *2–4 (Tex. App.—Tyler June 9, 2021). For two reasons, however, the court of appeals' analysis of Section 101.101(a) was erroneous.

First, Section 101.101(a) requires only that a notice be provided within six months of the incident and "reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." TEX. CIV. PRAC. & REM. CODE § 101.101(a). Ameri-

2

Tex's notice did this. The court of appeals found it significant that Ameri-Tex listed only itself in the space for "Name of Claimant." But just inches below that line, a separate section of the form requested information about "any injuries sustained." In that space, Ameri-Tex said nothing about itself but only identified *Leach's* injury ("Head Contusion and neck strain") and supplied Leach's name, phone number, and address. At the top of the same page, Ameri-Tex listed the date and time of the incident ("Approx. 12:15 P.M." on "05-29-20"). And below Leach's contact information, Ameri-Tex provided this narrative describing the incident:

> Leondra [Leach] had just left the landfill. Approx. a few miles down [the road,] Leondra passed a City of Tyler rolloff truck. A piece of [ ] wood flew from the roll-off truck, struck our driver side mirror, entered the driver side window and struck Leondra in the head. Republic pulled surveillance [and] saw a City of Tyler roll-off enter the landfill shortly after we left. GPS shows we turned around at 12:15 P.M. and headed back to landfill.

Notice of this sort satisfies the statute's demand for basic information.

Second, and even if we were less confident that Ameri-Tex's filing with the City satisfied Section 101.101(a), it would not matter here because Leach filed his lawsuit four months after the incident. In *Colquitt v. Brazoria County*, 324 S.W.3d 539 (Tex. 2010), this Court addressed Section 101.101(a)'s notice requirement and held that a "lawsuit itself, served on the governmental unit within six months of the incident and containing all the requisite information, constitutes proper notice under the [Texas Tort Claims] Act." *Id.* at 541. Such a filing thus

3

preserves jurisdiction. *See id.* at 543.[1] Leach accordingly satisfied the statutory requirement because his original petition contained the information that Section 101.101(a) requires.

We accordingly cannot affirm the court of appeals' judgment on the ground that the trial court lacked jurisdiction under Section 101.101(a). But it is not enough for a claimant to satisfy Section 101.101(a) when, as here, a city has its own notice requirements.[2] Section 101.101(b) has "ratified and approved" such requirements, including the City of Tyler's. The city charter's thirty-day period here means that Leach could not invoke his lawsuit, filed four months after the incident, to show compliance with the city charter. Whether the district court had jurisdiction over Leach's claim, therefore, turns on whether the notice that Ameri-Tex filed complies with Article IX, Section 79 of the city charter, which provides as follows:

> Before the City shall be liable for damages of any kind involving property damages or personal injuries or otherwise, the person injured or claiming such damages, or someone in his behalf, shall give the City Manager or City Clerk notice in writing of such damage or injury within thirty (30) days after the same has been received, stating specifically in such notice when, where and how the exact injury or damages occurred and the full extent

---

[1] The court of appeals cited *Colquitt* for the (correct) proposition that the notice requirements of Section 101.101 are jurisdictional but did not discuss *Colquitt*'s holding that a lawsuit itself can provide notice that satisfies Section 101.101(a). Neither party cited *Colquitt*.

[2] We note that the City has never disputed Leach's compliance with Section 101.101(a). As the City stated in its brief in this Court, only the city charter matters: "This case presents only one issue: Did Leach submit evidence that he or 'someone in his behalf' complied with his duty under the City's Charter to submit a pre-suit notice of his claim to the City?"

4

thereof. . . .

We hold that the form that Ameri-Tex filed met the city charter's requirements for providing notice of Leach's claim. Much like Section 101.101(a), the charter requires timely written notice of basic substantive information.[3] It expressly anticipates that a third party might supply that information; notice from "someone in [the claimant's] behalf" is enough. Ameri-Tex filed "in [Leach's] behalf" by including everything that the charter requires: when and where the incident occurred, how it occurred, and the precise nature of Leach's injuries.

The City characterizes Ameri-Tex's notice as one that "does not even identify the name of the claimant." But Leach's name *is* on the notice—repeatedly. The City's point is that, even if Leach's name appears in the "injuries sustained" section of the form, his name does *not* appear on the line denominated "Claimant." Accordingly, the City contends, it may disregard the notice of Leach's injuries.

The City could not reasonably conclude, however, that Ameri-Tex named Leach, provided Leach's contact information, and detailed Leach's injury for any reason other than to notify the City of that injury. Leach was not, for example, listed as a mere witness to the comparatively insignificant property damage to the side-mirror, which Ameri-Tex valued at $207.19. The form, after all, has a separate section

---

[3] As we discuss below, the form that Ameri-Tex filed supplies all the substantive information that the city charter requires. We accordingly have no occasion to address whether a charter could demand more information than Section 101.101(a) requires (or, more precisely, whether there would be any jurisdictional consequence for failure to comply with any parts of a locality's notice requirement that go beyond the substantive requirements of Section 101.101(a)).

5

for identifying witnesses, and Ameri-Tex listed someone else there.

The City likewise contends that the failure to assign any monetary value to Leach's injury deprived the City of important information. This argument does not support dismissal of Leach's lawsuit. The charter is the law; the form merely facilitates its implementation.[4] Whether a charter or ordinance *could* require a claimant—within thirty days of a personal injury, on pain of jurisdictional dismissal—to provide valuation of personal-injury damages is a separate question that we need not consider, because the charter before us does *not* require such a valuation. Indeed, even the *form* only clearly requests valuation information for *property* damage. Ameri-Tex's notice was not inadequate—certainly not so much that Leach's lawsuit must be dismissed for want of jurisdiction.

The City additionally points to the underlying public-policy concerns that motivate the notice requirements both of Section 101.101 and the city charter, including "ensur[ing] a prompt reporting of claims to enable the municipality to investigate while facts are fresh." *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex. 1981); *see also Worsdale v.*

---

[4] In any event, the form treats information about property damage quite differently from information about a personal injury. For "damage to property," the form asks the "value when new" of the property and requests that the claimant attach "estimates of repairs." Unsurprisingly, Ameri-Tex answered those questions with respect to the side-mirror. But one would hardly place a "value when new" on a human or an injured body part; it is atypical to describe medical care as constituting "repairs" of an injured person. The form has a *separate* section, which does not reference valuation, for "describ[ing] any injuries sustained." Ameri-Tex used *that* section to answer that Leach had suffered a "Head Contusion and neck strain." Ameri-Tex then provided all of Leach's contact information and the detailed narrative of the incident, including how the City allegedly caused Leach's injury.

6

*City of Killeen*, 578 S.W.3d 57, 69-72 (Tex. 2019) (noting related public purposes). Injured citizens are bound by enacted text, not underlying legislative motivations. The notice on behalf of Leach more than complies with the plain language of the statute and the city charter. Regardless, the City draws the wrong lesson from the purposes that our cases have recognized. If the City had wished to investigate the harm to Leach, preserve evidence, assess its own liability, engage in settlement before litigation, or the like, it had everything it needed to do so from the notice it received: the exact time of the injury, what caused the injury, the precise form of the injury, and Leach's home address and phone number.

Therefore, without hearing oral argument, we reverse the judgment below and remand to the trial court for further proceedings. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** September 16, 2022